MARY J. MARSH, plaintiff in error, *vs.* THE SOUTH CAROLINA RAILROAD COMPANY, defendant in error.

1, Improper acts by an agent touching matters out of the scope of his agency, are not to be imputed to the principal.

2. There is no presumption that a railroad corporation has authorized its local agent to hinder access by the counsel of an adverse suitor to a witness in the employment of the company; and, unless the delegation of such authority appears in evidence, the corporation will be unaffected by conduct of the agent tending to prevent such access.

3. What a mere spectator reported immediately after a homicide, as to the cause thereof, is not evidence as part of the *res gestæ*.

4. An employee of a railroad company who saw another employee killed by the cars, cannot affect the company by his declarations, made immediately after the occurrence, to the effect that the disaster was caused by the negligence of those in charge of the train, the speaker himself not being one of the number.

5. A witness cannot be asked on the stand by the party introducing him, whether he has not made a certain statement out of court, unless he has surprised the party by testifying to something inconsistent with the alleged statement.

Marsh *vs.* The South Carolina Railroad Company.

6. When a party, on the examination in chief, is permitted to put leading . questions to his own witness, on the ground that the witness is in the employment and under the influence of the opposite party, the court may allow the latter to put leading questions on cross-examination.

7. To make a railroad company responsible for the homicide of an employee by the negligence of co-employees, it is essential that the deceased should . have been free from fault himself; and when the evidence for the plaintiff shows clearly that he was not, there can be no recovery, and a judgment of non-suit should be affirmed.

Railroads. Principal and agent. Presumptions. Evidence. Witness. Practice in the Superior Court. Before Judge TOMPKINS. Richmond Superior Court. April Term, 1875.

Reported in the opinion.

HOOK & WEBB, for plaintiff in error.

W. T. GOULD, for defendant.

BLECKLEY, Judge.

A wife sued a railroad company for the homicide of her husband, who was run over and killed by a train while he was engaged in uncoupling the cars. He was an employee of the company; and another employee, one Butler Addison, was present and witnessed the occurrence. Previous to the trial, the plaintiff's counsel had made some effort to obtain an interview with Addison for the purpose of learning the facts and ascertaining what he would testify, and had been prevented from so doing by the interposition of the company's local agent. Addison, it seems, had made a statement of the facts to the plaintiff immediately after the occurrence. He had also said to one Fullerton that the death was the result of the engineer's failure to put on brakes; that he, Addison, was afraid to tell it, lest he should be discharged; and that the agent would not allow him to communicate the facts of the case to the plaintiff's counsel until the trial.

Before Addison himself was introduced as a witness, his declarations made to the plaintiff and to Fullerton, were of-

fered in evidence; and, on objection by the defendant, the court excluded them.

The plaintiff then examined Addison and was permitted to put to him leading questions. A like privilege was accorded to defendant on cross-examination. Addison testified to nothing about brakes, and was asked no questions on that subject except whether he had not said to plaintiff, immediately after the killing, that her husband was killed in consequence of the brakes not being on. The court ruled against the answer as evidence.

1. The sayings of Addison were sought to be introduced, partly on the ground that the agent had hindered intercourse with him by plaintiff's counsel previous to the trial. It is not clear to us how that would be any reason for admitting them, if it were conceded that the agent's conduct was improper, and that such conduct was within the scope of his authority. But improper conduct by an agent, not within his authority, certainly is not to be imputed to the principal, nor is the principal to suffer a penalty on account of it.

2. There is no presumption that any mere local agent of a railroad is employed to stand between witnesses and those interested in their evidence, or that he is instructed to do so. To bring such an act within the sphere of delegated powers, there must be proof of the delegation. There was no such proof in the present case, and consequently whatever the agent did in that way must be supposed to have been done on his own motion and not by procurement of the company.

3. Nor were Addison's declarations admissible as a part of the *res gestœ*. He was a mere spectator. His conduct was not to be illustrated, but the conduct of other persons. What he said immediately afterwards could give character to nothing that happened—could neither qualify nor explain it.

4. Nor, as an employee of the defendant could anything he may have said concerning the remissness of the other employees have bound the common principal. He was not an agent of the defendant for the purpose of making admissions, by narrating a past occurrence, more especially, as he was not

Marsh *vs.* The South Carolina Railroad Company.

one of those upon whom he cast blame: See 34 *Georgia Reports*, 330.

5. The court was right in excluding the answer of Addison as to what he had said out of court. He was not asked as to the fact of using brakes, but as to what he had said about it. Perhaps he would have said the same thing on the stand if he had been inquired of then. It was not a case of surprise. The plaintiff's counsel did not profess to be surprised by his having testified differently from the expectations which he had raised by his previous statements: Greenleaf's Ev., section 442.

6. The complaint that the defendant was allowed to put leading questions on cross-examination is not well founded in law. The examination of witnesses is very much under the control of the presiding judge. The general rule is, that all witnesses may be asked leading questions on cross-examination, and it may even be doubted whether an exception is ever made in practice: 7 Car. & P., 408. Certainly no such exception is usual: 1 Stark. Ev., 188.

7. Negligence, like any other fact, is a question for the jury: 34 *Georgia Reports*, 330. But we can see no practical utility in reversing the judgment of non-suit. The plaintiff cannot recover, for her husband was himself in fault, however negligent his co-employees may have been. Whatever created the danger it was as visible to him then as it can now possibly be made to a jury. He saw that the train did not stop for him to uncouple; and he, nevertheless, rushed in and tried to uncouple when the cars were in rapid motion: 53 *Georgia Reports*, 630. The evidence makes a case of contributory negligence; and any negligence whatever by the deceased employee bars recovery.

Judgment affirmed.