GRIFFIN *vs.* CLEGHORN, HERRING & COMPANY.

1. Pending a trade which resulted in a sale of guano, statements made by a third person in the hearing of both parties touching the value of the guano, form a part of the *res gestæ*, and are admissible in evidence as such.
2 Newly discovered evidence, which is merely cumulative, is not ground for a new trial.

Evidence. New trial. Before Judge HILLYER. Fulton Superior Court. September Term, 1878.

To the report contained in the decision, it is only neces-
sary to add that two of the grounds of the motion for new
trial were as follows:

1. Because the court admitted in evidence the statements
of one Stanley that he had used the guano and it was good.
[It appeared that while plaintiffs' agent and defendant were
talking about the guano before the sale, one Stanley, who
was present, made the remark stated.]

2. Because of newly discovered evidence.

T. P. WESTMORELAND, for plaintiff in error.

E. A. ANGIER, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the
defendant upon two guano notes for $70.00 each. The
notes contained the following stipulation: "It is expressly
understood that said Cleghorn, Herring & Co. sell said
commercial manure as to its quality and effect on crops, on
the analysis of A. Means, the inspector, whose brand is on
every sack. Said inspector is hereby constituted and recog-
nized as my agent, and I agree to be bound by his inspec-
tion as made and indicated by his brand on each and every
sack." The notes were signed by the defendant. The
defendant pleaded the worthlessness of the guano, and that
the notes were fraudulently obtained by the false represen-
tations of the plaintiffs' agent as to the stipulations con-
tained therein. On the trial of the case, the jury found a
verdict in favor of the plaintiffs for the amount of the
notes with interest. A motion was made for a new trial on
the grounds therein specified, which was overruled, and the
defendant excepted.

1. There was no error in admitting in evidence what
Stanley said in the presence of defendant and plaintiffs'
agent when they were talking about the guano previous to
the sale thereof, (to-wit) "that it was good guano, that he

had used it." This was admissible as part of the *res gestæ*. Code, §3773.

2. By the terms and stipulations contained in the notes, the defendant was bound to pay for the guano, and the only question in the case was whether the notes as written were fraudulently procured from the defendant without his reading, or knowing what was in them. In relation to this point in the case, the evidence was as conflicting as it well could be. The jury thought proper to believe the plaintiffs' evidence. The defendant now seeks to obtain a new trial on the newly discovered evidence of Smith, who, from the statement in his affidavit, will substantially corroborate the evidence of the defendant as to the manner in which the notes were obtained from him. The difficulty in the way of the defendant's obtaining a new trial on this ground is, that the evidence of Smith is only *additional* to that of the defendant himself, *merely cumulative* evidence of that which was offered by the defendant in relation to the same point on the trial of the case, and therefore is not a good ground for a new trial. Code, §3716.

Let the judgment of the court below be affirmed.