*G. D. Dominick, E. F. Dupree,* contra.

---

### 2368. HARNAGE *et al.* v. THE STATE.

HILL, C. J. 1. Where the bill of exceptions contains a recital that it was tendered within the time prescribed by law, the writ of error will not be dismissed, although it appears that the judge did not sign and cer-tify the same within the statutory period, unless it be made to appear that his failure so to sign and certify was because of some act of the plaintiff or his counsel. Acts 1896, p. 45; *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 799 (35 S. E. 168).

2. Where two defendants are jointly indicted and are jointly tried, and their joint motion for a new trial is overruled, a joint writ of error from the judgment overruling the motion for a new trial can properly be sued out.

3. A juror who was first cousin of the deceased wife of the prosecutor was a competent juror. *Oneal* v. *State,* 47 *Ga.* 230; *Patterson* v. *Col-lier,* 75 *Ga.* 419 (58 Am. R. 472). It was not, however, reversible error for the court to withdraw the juror from the panel because of such relationship, and substitute another before the jury was stricken and sworn.

4. An exclamation of a bystander, who saw the commission of the alleged offense, may in some cases be admissible as a part of the res gestæ; but the statement of the bystander in this case was not admissible, because his language was merely expressive of an opinion or conclusion.

5. No error of law appears, and the evidence supports the verdict.

                                         *Judgment affirmed.*

Accusation of riot; from city court of Nashville—Judge Buie. November 22, 1909.

Submitted February 21,—Decided April 6, 1910.

The 4th division of the decision relates to the following ground of the motion for a new trial: "During the progress of the trial, while the witness John Tyson was on the stand, counsel for the

defense asked said witness the following question: 'What did the bystanders have to say at the time the rucus was in progress, as to whether it looked like a riot, or were the men engaged in play?' which the witness would have answered: 'They were not fighting, but were engaged in play.' This question and answer the court ruled out, over the objection of counsel for defendants, as incompetent and hearsay, the defendants contending that it was competent as a part of the res gestæ, and the court ruling that only the sayings of the participants were a part of the res gestæ; which action on the part of the court defendants assign as error."

*W. G. Harrison,* for plaintiff in error.

*J. H. Gary, solicitor,* contra.