## 5366.   BROWN v. THE STATE.

1. The court's statement of the contentions of the parties was perhaps fuller than is customary or was necessary, but is not subject to objection as being hurtful to the defendant, as involving another and different transaction from that under investigation, or as tending to prejudice the jury.

2. In a prosecution for larceny, where the issue submitted is whether the taking was in good faith and under a fair claim of right, it is not error for the court to instruct the jury that it is proper for them to take into consideration the circumstances of the case in weighing the contentions made by the respective parties.

3. In charging the jury as to the force and effect of the prisoner's statement, it is not necessarily error to qualify their right to believe it in preference to sworn testimony, by adding that the jury may give this preference to it if they believe it to be the truth.

4. Where a ground of a motion for a new trial, excepting to the admission of certain testimony, fails to state the specific objection urged at the time the evidence was offered, the exception presents nothing for the consideration of this court. This is especially true when the exception itself fails to point out in any way why the admission of the testimony was prejudicial or erroneous.

5. The court did not err in admitting the testimony set out in the 6th, 7th, 8th, and 9th grounds of the motion for a new trial. Testimony that the articles alleged to have been stolen from the garage or automobile shop had been left on a highway, in an automobile belonging to the proprietors of the garage or shop, and had been taken from the automobile on the highway by some unknown person, was relevant to rebut the claim of the accused that his taking of this property from the automobile shop a few days later was in good faith and under an honest claim of right, especially since there was evidence contradicting the statement made by him prior to his taking the property in question from the automobile shop, as to the manner in which he had acquired possession and right to the property in question.

6. In the state of the testimony in the record and of the contentions of the parties, the instructions of the court did not tend to confuse the jury, nor were they for any other reason assigned erroneous. The controlling issue was whether the defendant took the property in good faith for the sole purpose of repossessing himself of that which he believed was his own, or whether, knowing the property was not his own, he took it with intent fraudulently to convert it to his own use. The evidence was sufficient to authorize the verdict returned, and the court did not err in refusing a new trial.

DECIDED APRIL 30, 1914.

Indictment for larceny from house; from Morgan superior court —Judge James B. Park. October 31, 1913.

*M. C. Few,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

RUSSELL, C. J. The plaintiff in error was convicted of the offense of larceny from the house, and excepts to the judgment overruling his motion for a new trial. The indictment alleged that three rubber automobile tubes, worth $15, and one machine hammer, worth $1.25, personal goods of the Madison Automobile & Machine Company, were wrongfully, fraudulently, and privately taken and carried away from the company's garage and automobile shop by the defendant, with intent to steal the same. It appears, from the evidence in the record, that the defendant drove his automobile into the shop of the Madison Automobile & Machine Company for the purpose of having it oiled. He left the shop, and before his return the manager of the automobile company thought he recognized in the automobile a machinist's hammer, a wrench, and tools which belonged to the automobile company, as well as two automobile tubes which had been taken from an automobile left disabled upon the public road about ten days previously. He followed the defendant and asked him to come down to the shop, and said to him: "I see in your car my machinist's hammer, wrench, and tools, and I had them out on the show case." According to this witness, the defendant said, "If they are yours, all right." The manager then said that his (the manager's) handwriting was on "some of the goods," but that he was not making any accusations against the defendant, though he wanted to know where he got the tools. The defendant replied that he bought them from Mr. Emory Darby, at Monroe. The manager then told him the circumstances attending the wrecking of one of the manager's cars, and of leaving the tools and tubes in the car, from which they had been taken by some unknown person, and asked the defendant to help him find out who took them. The manager and the defendant then both left the automobile shop, but later the defendant came back, in the absence of the manager, though in the presence of several of the employees, took the tubes and tools from the show case, put them in his car, and went off. On the trial the defendant did not deny taking from the shop the articles alleged in the indictment; and it is plain, from the evidence, that the issue as to his guilt or innocence depended wholly upon whether he carried them away under a bona fide claim of right, or whether he intended wrongfully to convert to his own use articles which, if he did not know they had been stolen, he at least knew were not his own. The case hinged upon

the determination of that single question; for the State introduced Darby, the party from whom the defendant said he purchased the hammer and tubes, and Darby swore that he had not sold either to the defendant. Upon a review of the evidence as a whole it must be admitted that the evidence was sufficient to authorize the jury to conclude that the taking of the tools and tubes by the defendant was not in good faith, and therefore it can not be said that the conviction was contrary to the evidence.

It is complained that the trial judge, in the admission of testimony, as well as in his statement of the contentions of the parties in his charge to the jury, prejudiced the defendant's case and confused the jury, by allowing them to consider the circumstance that, several days prior to the taking alleged in the indictment, an automobile belonging to the Madison Automobile & Machine Company was left in a disabled condition upon the public road in the upper part of the county, where the machine was mutilated and the tools in question were taken from it by some unknown person. We see no error in the admission of the testimony, or in the reference thereto in the judge's statement of the contentions. It was plain to the jury that the testimony as to the loss of the tools and tubes from the disabled automobile was not the basis of the prosecution against the defendant. However, since it was undisputed that the defendant took the tools and tubes from the shop at the time alleged in the indictment, under a claim of some kind, and the defendant having asserted that he bought this property from one Darby, it was pertinent and competent for the State to show that he did not buy them from Darby, and that his claim of ownership was spurious and fraudulent, by showing that the tools and tubes had been only recently stolen from an automobile standing on the side of the road. This proof might disprove the bona fides of his claim of ownership, it being immaterial, in this view of the case, whether the defendant himself took the tools from the automobile on the roadway, or received them from some person who had stolen them. The defendant relied upon his assertion of good faith and of ownership and right to take the articles from the shop. The proof in behalf of the State showed bad faith, and that the claim of ownership was not bona fide. The court's statement of the contentions of the parties was perhaps fuller than is customary or was necessary, but is not subject to objection as being hurtful to the defendant, as

involving another and different transaction from that under investigation, or as being calculated to prejudice the jury.

In a prosecution for larceny, where the issue submitted is whether the taking was in good faith and under a fair claim of right, it is not error for the court to instruct the jury that it is proper for them to take into consideration the circumstances of the case in weighing the contentions made by the respective parties.

In the motion for a new trial it is insisted that the court, in charging the jury upon the defendant's statement, erred in telling them that they might accept it in preference to the sworn testimony in the case, if they believed it to be the truth. The writer personally does not approve of this instruction. To my mind it is far preferable that the charge upon the defendant's statement be confined to the verbiage of the code section on that subject. Penal Code, § 1036. In my opinion the language employed by our lawmakers is absolutely plain, and attempted amplification and explanation either tends to confuse the jury, or is likely to prejudice the rights of the accused. However, the precise point was ruled on in *McCullough* v. *State,* 10 *Ga. App.* 403 (73 S. E. 546), and that ruling is conclusive.

In the 5th ground of the motion for new trial complaint is made as to the admission of certain testimony therein set forth, with the mere statement that it was admitted over the objection of the defendant. It does not appear what specific objection was made, and therefore it does not appear that the objection made was valid; and further, this ground of the motion for a new trial does not itself point out why the evidence was objectionable. It therefore presents nothing for the consideration of the lower court or of this court.

We have already referred to the testimony with relation to the original loss of the tools and tubes from the disabled automobile, as being testimony properly in rebuttal of the defendant's statement that he obtained them from Darby. The admission of this testimony is the basis of the 6th, 7th, and 8th grounds of the motion for a new trial. The testimony to which objection was made was to the effect that an automobile was left upon the side of the road about ten days before the theft with which the accused was charged, and that the tubes and tools which he was accused of stealing were in that automobile. There was reference, by several of the wit-

nesses, to the fact that the automobile was cut and otherwise badly mutilated, and it is insisted that this testimony tended to prejudice the defendant before the jury. The testimony in regard to the mutilation of the automobile, even if not strictly pertinent, can not be said to be prejudicial. The single question before the jury was whether the accused obtained the tubes and tools as a result of a theft from the disabled automobile on the roadway, or whether he obtained them from Darby, and while we consider the evidence of mutilation of slight materiality, the fact that the automobile was mutilated at the time that the tools and tubes were taken from it would strongly indicate that the taking was not an act of benevolence influenced by the precaution of an honest caretaker concerned only for the safety of the tools and intending to deliver them to the true owner.

The court safeguarded every right of the defendant against the possibility of injury from the admission of testimony of which complaint is made, and very clearly confined such evidence to its proper use, by the instruction of which complaint is made in the 10th ground of the motion for a new trial, as well as in several other portions of the charge. In the excerpt of which complaint is made the court used the following language: "I will state to you (that you may clearly understand that issue) that the defendant is not on trial for a larceny by wrongfully and fraudulently taking and carrying away any property from the disabled machine, but that would be a different and distinct transaction. And the defendant is now on trial for the offense of larceny from the house; that is, what occurred down in the garage or automobile shop of the Madison Automobile & Machine Company in the city of Madison, on or about the 1st day of November, 1912; and any evidence that has been let into this case by the court in reference to that disabled machine was let in for one purpose, and one purpose only,—that is for you to take into consideration that evidence in arriving at the question as to whether or not the defendant would be guilty of the offense charged in this bill of indictment." In considering this language we must bear in mind, as the jury were obliged to do, that the judge had more than once specifically charged them that unless they were satisfied beyond a reasonable doubt that the intention of the accused in taking the tools and tubes from the shop was to steal, he should be acquitted. The charge was absolutely fair to

the accused upon the crucial point in the case, and in minuteness of detail was fuller than he was entitled to.

In the state of the testimony in the record and the contentions of the parties, the instructions of the court did not tend to confuse the jury, nor were they for any other reason assigned erroneous. The controlling issue was whether the defendant took the property in good faith, for the sole purpose of repossessing himself of that which he believed was his own, or whether, knowing the property was not his own, he took it with intent fraudulently to convert it to his own use. The evidence was sufficient to authorize the verdict returned, and the court did not err in refusing a new trial.                        *Judgment affirmed. Roan, J., absent.*