### 5521.  HAAR *v.* THE STATE.

1. On a trial for violation of the law of this State against the sale of spirituous, malt, or intoxicating liquors, an original United States internal-revenue special-tax receipt, issued to the defendant as a dealer in such liquors, is admissible as evidence, under the act of 1911 (Acts 1911, p. 180) which provides when such a receipt shall be prima facie evidence of guilt.
2. The court did not err in charging the jury that they might believe the defendant's statement to the court and jury, in preference to the sworn testimony in the case, "provided they believed it to be true."
3. The evidence was sufficient to authorize the verdict.

DECIDED MAY 14, 1914.

Indictment for misdemeanor; from Chatham superior court—Judge Charlton. January 21, 1914.

*Bouhan & Herzog,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

ROAN, J. 1. Fred Haar was tried on an indictment containing two counts, the first charging the sale of intoxicating liquors, and the second charging the unlawful keeping of such liquors at his

place of business. A verdict was rendered, finding him guilty on the first count, and not guilty on the second count. He excepts to the refusal of a new-trial. His motion for a new trial was based on the statutory grounds and on two additional grounds, the first of which was that the court committed error in charging the jury that they might believe the defendant's statement in preference to the sworn testimony in the case, provided they believed it to be true. The next ground alleges error in permitting the State to introduce in evidence, over objection of the defendant's counsel, an original United States internal-revenue license, issued to the defendant as a retail liquor dealer, the objection being that a certified copy should have been tendered instead of the original.

1. Did the court commit error in admitting, over objection of defendant's counsel, the original United States revenue license, made out in the name of the defendant? Under an act of the General Assembly (Acts 1911, p. 180), "any internal-revenue special-tax receipt," as required by section 3239 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 2093), for the sale of spirituous, malt, or intoxicating liquors in the State of Georgia, on any trial in this State to abate or enjoin a "blind tiger" as a nuisance, or on any prosecution in any of the courts of this State for a violation of any of the statutes against the sale of spirituous, malt, or intoxicating liquors in the State, shall be prima facie evidence of guilt of the person found in possession thereof, or who made application therefor, and to whom it was issued. When such an internal-revenue special-tax receipt is issued, in order for it to become useful and legal for the purpose intended the original must be taken possession of and be in the control of the person or corporation to whom it was issued. If a certified copy alone is admissible as evidence of its existence, who is to make this certified copy? It is not an office paper required to remain in any office. It is true, perhaps, that a certified copy of the original could be obtained by going to the proper office, where the original issued, provided those in charge of the office should see fit· to make one. But this act evidently intended to make the original admissible evidence on any prosecution where the party to whom it was issued, or who was found in possession of it, is charged with a violation of any of the statutes of the State as to the sale of spirituous, malt, or intoxicating liquors; not, however, as conclusive

proof of guilt, but only as prima facie evidence of guilt. There was no error in admitting in evidence the original instead of a certified copy, as the original was primary evidence, and the certified copy would have been secondary evidence. *Brown* v. *Driggers*, 60 *Ga.* 114, 115; *Larey* v. *Baker*, 85 *Ga.* 687 (11 S. E. 800); Civil Code, §§ 5798, 5799.

2. The court's charge to the jury, complained of in the motion for a new trial, that they might believe the defendant's statement to the court and jury in preference to the sworn testimony in the case, "provided they believed it to be true," is in accord with the ruling made in the case of *McCullough* v. *State*, 10 *Ga. App*, 403 (4), where a charge to the same effect was approved. It was there said that "while the jury may believe the statement of the accused in preference to the evidence, they should do so only in the event that they believe the statement to be the truth of the transaction. A charge to this effect was not error." See also *Smith* v. *State*, 13 *Ga. App.* 666 (79 S. E. 764).

3. The verdict is not without evidence to support it. The United States revenue license admitted in evidence, under the statute, created a prima facie case of guilt against the defendant, and that prima facie case seems never to have been overturned by any evidence offered by the defendant, or by the defendant's statement. In his statement he failed to disclaim his ownership or possession of the revenue license, or that it was issued to him, and in no way made any reference to it. The indicia of his illegal traffic in intoxicating liquors were abundant, as disclosed by the quantity found in and around his place of business, much of it hidden therein. We are not prepared to hold that the jury were not fully authorized to reach the verdict rendered, and we hold that the trial judge did not abuse his discretion in approving their verdict.

*Judgment affirmed.*