### 6534.  HILL v. THE STATE.

WADE, J.   1.  Evidence as to sayings of bystanders, made during the progress of an affray, is admissible as part of the res gestæ to throw light on the occurrence, when the sayings are clearly free from suspi-

cion of afterthought or device, and are not merely the expression of opinions or conclusions. There was no error in admitting the testimony in this case, complained of in the 3d and 4th grounds of the amendment to the motion for a new trial. *Smith* v. *State*, 10 *Ga. App.* 36-37 (2) (72 S. E. 527). *Harnage* v. *State*, 7 *Ga. App.* 573 (67 S. E. 694).

2. While it is always the better practice, in instructing the jury upon the subject of the defendant's statement to the court and jury, to use the exact language of the code, it was not error to give the following instruction: "The defendant in this case has made a statement. Under the laws of the State of Georgia the defendant has a right to make to the court and jury just such statement as he sees proper to make. This statement is not under oath, but is left entirely with the jury, as to what credit you will give the defendant's statement, and you have the right to accept the defendant's statement, if you believe it to be the truth of the case, in preference to the sworn testimony of the case." *Carter* v. *State*, 15 *Ga. App.* 343 (83 S. E. 153): *McCullough* v. *State*, 10 *Ga. App.* 403, 405 (73 S. E. 546); *Brown* v. *State*, 14 *Ga. App.* 508 (81 S. E. 590); *Haar* v. *State*, 14 *Ga. App.* 548 (81 S. E. 811).

3. As to the assignments of error complaining that the law of manslaughter is not involved in the case, it is enough to say that the evidence (though conflicting and confusing in character) authorized the jury to find that the defendant and the deceased, both armed with deadly weapons, entertained and put into execution a mutual intent to fight, and that as an immediate result of the rencontre the deceased lost his life.

4. The remaining assignments of error are not insisted upon in the brief of counsel for the plaintiff in error, and will therefore be treated as abandoned. *Judgment affirmed.*

DECIDED OCTOBER 22, 1915.

Conviction of manslaughter; from Baldwin superior court—Judge Park. March 26, 1915.

*Sibley & Sibley,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.