10297. ALEXANDER *v.* THE STATE.

BLOODWORTH, J. 1. The motion to dismiss the writ of error, on the ground that "The bill of exceptions was not tendered within twenty days after the overruling of the motion for a new trial," is overruled. The bill of exceptions contains a recital that it was presented "within twenty days from the date of the order overruling the said motion for new trial." "Where the bill of exceptions contains a recital that it was tendered within the time prescribed by law, the writ of error will not be dismissed [on the ground that it was not tendered within that time], although it appears that the judge did not sign and certify the same within the statutory period, unless it be made to appear that his failure so to sign and certify was because of some act of the plaintiff or his counsel. Acts 1896, p. 45 [Civil Code (1910), § 6187]; *Moore v. Kelly & Jones Co.,* 109 *Ga.* 799 (35 S. E. 168)." *Harnage v. State,* 7 *Ga. App.* 573 (67 S. E. 694). See also *Strickland v. Brannen,* 18 *Ga. App.* 325 (89 S. E. 337), and cases cited.

2. The indictment in this case charged Felix Alexander with obstructing legal process, and alleged that he "did knowingly and wilfully obstruct and resist and oppose J. S. Blackwell, deputy sheriff of said county, an officer of said State, and a person duly authorized in serving and executing and attempting to serve a lawful process and order, to wit, a search warrant issued by E. T. Portwood, J. P., of said county, authorizing and directing a search of the dwelling house and outhouses of said Felix Alexander." To support the allegations of the indictment a certain search warrant was offered in evidence, in which it appeared that the name "Felix Alexander," originally written therein, had been erased and the name "Herschel Beasley" inserted in lieu thereof. The record shows no evidence whatever in explanation of this change, or that the paper had been altered since the sheriff attempted to execute it. On the contrary, the sheriff swore that "the search warrant was at that time in same shape as it now appears." This being true, the evidence offered did not support the allegation in the indictment, and the court erred in allowing the search warrant to go to the jury. With-

out this evidence there was nothing to support the verdict. It is unnecessary to consider the remaining ground of the motion for a new trial. *Judgement reversed. Broyles, P. J., and Stephens, J., concur.*

DECIDED APRIL 12, 1919.

Indictment for obstructing legal process; from Taliaferro superior court—Judge Walker. November 27, 1919.

*J. A. Beazley,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.