### 20543. JACKSON *v.* THE STATE.

BROYLES, C. J. 1. A ground of the motion for a new trial sets forth that during the selection of the jury the State accepted a certain juror "and put the juror upon the defendant, and immediately withdrew its acceptance, but after the defendant had accepted him, all of the same taking less than one minute. The defendant accepted said juror, the State then rejected him, and the court, over the objection of the defendant, allowed the State to reject and strike the juror, the defendant then and there making the objection that it was prejudicial to the defendant to allow the State to select a juror and then after he had been selected by the defendant to reject him, thereby allowing the State to reject a juror for the reason and after the defendant had selected him." Conceding that the court erred in the particulars stated, the ground fails to show that the error caused any injury to the movant. A plaintiff in error must show both error and injury. See, in this connection, *Cochran* v. *State*, 113 *Ga.* 736 (3) (39 S. E. 337); *Harnage* v. *State*, 7 *Ga. App.* 573 (3) (67 S. E. 694).

2. "Although in a criminal case the accused alone can put his general character in issue, yet he can do so as effectively by his statement to the jury as by introducing sworn testimony on that subject." *Cowart* v. *State*, 33 *Ga. App.* 122 (125 S. E. 770); *Barnes* v. *State*, 24 *Ga. App.* 372 (3, 4) (100 S. E. 788), and cit.; *Rhodes* v. *State*, 33 *Ga. App.* 827 (128 S. E. 217). Under this ruling and the facts of the instant case, special grounds 2 and 3 of the motion for a new trial are without merit.

3. The charge complained of in another ground of the motion for a new trial was expressly withdrawn by the court, and another charge substituted, of which no complaint was made. The ground has no merit.

4. While the evidence was in acute conflict, especially as to whether the defendant took the property with the intent to steal it, there was some evidence which authorized his conviction, and the finding of the jury having been approved by the trial court, and no harmful error of law appearing, this court is without authority to interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 10, 1930.

572

*W. F. Mills,* for plaintiff in error.
*J. T. Grice, solicitor-general,* contra.