ROBERTS, administratrix, *v.* HARDIN, administrator.

No. 10628. June 12, 1935. Rehearing denied July 11, 1935.

*Howell Brooke* and *Morris & Welsch,* for plaintiff in error.
*A. J. Henderson,* contra.

Hutcheson, Justice. Upon the former appearance of this case in this court a statement was made, setting forth the nature of the proceedings whereby the litigation originated. *Roberts* v. *Hardin,* 179 *Ga.* 114 (175 S. E. 362). The cause was remanded for another trial, because of error in the charge of the court. Upon a second trial, evidence was adduced by both plaintiff and defendant, seeking to establish by circumstantial evidence and by expert and non-expert testimony which one of the parties survived the other. In the first appearance above cited, this court held that the burden of proof rested upon the administrator of Paul Hardin, deceased; and when the case was tried the second time, certain testimony was offered by the defendant to show the condition of the bodies when viewed by the witnesses, and a witness was allowed to give his opinion based thereon, over the objection of counsel for the plaintiff; and the overruling of this objection to evidence was made a ground of the motion for new trial.

Error is assigned upon the admission of certain testimony of C. H. Peacock, a witness for the defendant, upon the ground that it was opinion evidence. The motion to exclude the testimony of this witness was as follows: "I now move to exclude the testimony of Mr. C. H. Peacock, that part of his testimony whereby he gave as his opinion that Paul Hardin survived Lesa R. Hardin, and based it on the rigor mortis and the character of the wounds as he found them. We say that is purely opinion evidence and is inadmissible. I call your Honor's attention to the issue of survivorship. This is opinion evidence as to the survivorship, and we say it is inadmissible testimony." The trial judge thereupon made the following ruling: "Gentlemen of the jury, the court is excluding from your consideration any opinion expressed by the wit-

ness, Mr. Peacock, as to which of the persons, Mrs. Lesa Hardin or Paul Hardin, survived the other: The court is not excluding any of the testimony of this witness as to the conditions which he states he found to exist, or any opinion expressed by him, if any, as to how long either of the parties had been dead at the time he found them. The weight, however, to be given by the jury to such an opinion, if such a one was expressed, is to be determined by the jury." The witness to whose testimony objection was interposed was introduced as an expert witness; but, whether qualified as such or not, his opinion, when based on facts detailed by him, was admissible. In *Southern Railway Co.* v. *Hutcheson,* 136 *Ga.* 591 (2) (71 S. E. 802), it was said: "Where the question under consideration is one of opinion, a non-expert witness may state the facts and circumstances and his opinion predicated thereon." See also *Lanier* v. *State,* 141 *Ga.* 17 (3) (80 S. E. 5); *Bullard* v. *Metropolitan Life Insurance Co.,* 31 *Ga. App.* 641 (5) (122 S. E. 75). There is no merit in this assignment of error.

■ The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*