STROUP *v.* MOUNT, sheriff.

No. 14846. May 3, 1944. Rehearing denied June 9, 1944.

*James R. Venable, Jackson L. Barwick, Frank Grizzard,* and *Frank A. Bowers,* for plaintiff.

T. *Grady Head, attorney-general, John A. Boykin, solicitor-general, Quincy O. Arnold, Durwood T. Pye,* and *R. A. McGraw, assistant attorney-general,* for defendants.

WYATT, Justice. ■ When the defendant brought to this court, his writ of error, complaining of the judgment convicting him of the crime of rape, there was no assignment of error concerning the confession. See *Stroup* v. *State,* 196 *Ga.* 840 (28 S. E. 2d, 118).

As pointed out in the foregoing statement of facts, on the trial of the plaintiff in error for rape, the State, after proof that an alleged confession had been freely and voluntarily made, introduced it in evidence. He denied that the confession was freely and voluntarily made. This made an issue of fact. The jury decided that issue against him. He carried his case to the court of last resort in this State without making any complaint as to the introduction in evidence of the alleged confession. If any error was committed by its admission in evidence, it was an error committed in the trial of that case, about which he could and should have complained when that case was before this court. Having failed to do so then, he can not do so now by habeas-corpus proceedings. "It is a settled rule that error in the admission or exclusion of evidence furnishes no ground for relief upon habeas corpus." 25 Am. Jur. 183, § 53. "Habeas corpus is never a substitute for a writ of error, or other remedial procedure to correct errors in the trial of a criminal case." *Wells* v. *Pridgen,* 154 *Ga.* 397 (114 S. E. 355). "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." Code, § 38-411. "If a prima facie case of admissibility is sought to be improperly established, but no proper objections are made to its insufficiency at the trial, the right to object will be presumed to have been waived." *Mc-*

*Lemore* v. *State,* 181 *Ga.* 462 (2). (182 S. E. 618, 102 A. L. R. 634). "A discharge under a writ of habeas corpus, after a conviction, can not be granted unless the judgment is absolutely void, as where the convicting court was without jurisdiction, or where the defendant in his trial was denied due process of law, in violation of the constitution. Since the writ can not be used merely as a substitute for a writ of error or other remedial procedure to correct errors of law, of which the defendant had opportunity to avail himself, no question as to guilt or innocence or as to any irregularity can be so raised, unless it was such as to render the judgment wholly void." *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d, 469). "Where such proper preliminary proof has been made, the confession or incriminatory statement becomes admissible; but the defendant is privileged to attack such showing by proof that the confession or incriminatory statement was not voluntary or was made with hope of benefit or fear of injury. In that event, the question as to the voluntary character of the confession becomes one for the jury." *Bryant* v. *State,* 191 *Ga.* 686 (13 S. E. 2d, 820).

The authorities on this question are numerous. We consider sufficient the above authorities together with cases therein cited.

In a recent case this court, in a full bench decision, decided the identical question now under consideration. In that case, a habeas-corpus proceeding, the question was raised that in the trial of a rape case an alleged confession was not admissible in evidence, and should not have been considered, because it was obtained by duress. Then, as now, this question was raised for the first time in a habeas-corpus proceeding. This court said: "If this be true and had been shown, the confession would have been inadmissible (Code, § 38-411); but the applicant is not now at liberty to prove, by way of a petition for habeas corpus, that it was involuntary. The judgment of conviction forecloses that question, except in proceedings provided for the review and correction of errors." *Wilcoxon* v. *Aldredge,* 192 *Ga.* 634, 638 (15 S. E. 2d, 873, 146 A. L. R. 365). It follows that there is no merit in the contention of the plaintiff in error with reference to the confession.

■ The plaintiff in error complains, "because the Supreme Court of Georgia refused to entertain his motion for a rehearing after affirming his conviction." He further complains because the

clerk of this court consulted with only three of the Justices before she returned to the attorney for the plaintiff in error the motion for rehearing. "There being no law expressly authorizing the parties to a case to apply for a rehearing, whether such application will be entertained, and, if entertained, what disposition shall be made of it, are questions addressed entirely to the sound discretion of the court." *Seaboard Air-Line Railway* v. *Jones,* 119 *Ga.* 907 (2) (47 S. E. 320). The rule of this court provides that motions for rehearing can not be filed after ten days from the date of the decision and judgment, unless an extension of time is requested and granted. No extension of time was requested or granted in the case complained about. The motion reached the clerk of this court after ten days had expired. The clerk properly refused to file the motion, and this would have been proper without a conference with any of the Justices. It follows that there is no merit in this contention.

■ Under the above rulings, the petitioner was properly remanded to the custody of the sheriff. Therefore it becomes immaterial whether or not there was error in admitting in evidence, on the trial of the habeas-corpus case, the testimony complained of with reference to former convictions of other crimes.

The trial court committed no error.

*Judgment affirmed. All the Justices concur.*