GRICE, Justice. 1. The general rule that a charge on the law of circumstantial evidence is required without request, is applicable only when the case is wholly dependent thereon. *Cliett* v. *State*, 132 *Ga.* 36 (63 S. E. 626).

(*a*) The prisoner in his statement said: The deceased "picked up something and knocked me against the telephone pole and I hit 'him back. I walked off and left him. That is all I know about it." The defendant had been indicted for the murder of Bassett by striking, beating, and wounding him with a piece of cement tile. Witnesses testified that the body of the deceased showed that his head had been crushed by some heavy object, and his skull broken through. A physician testified that in his opinion the use of a blunt instrument had caused the death of the deceased. The testimony further showed that at the place where the body was found there were several pieces of cement, one of which had blood upon it. Another witness, an officer, swore that, after the defendant was arrested, the two drove to a point near where another witness testified that the accused and the deceased were seen together on the night when the latter received his injuries; and the officer swore that "he [the accused] said that was the place. He showed us in the alley where he dragged the body and left it there." Under the preceding **testimony and the statement of the** defendant, it can not be held that the case was one wholly dependent upon circumstantial evidence. Compare *McElroy* v. *State*, 125 *Ga.* 37 (53 S. E. 759).

2. A female witness for the State having testified that shortly before the homicide, the defendant grabbed her by the arm, it was not error to overrule a motion for mistrial, that the solicitor-general in answering an objection to the reception of the testimony stated to the court that the occurrence happened "before he killed this man;" the evidence further showing that this happened at or near the time she was having a check cashed; that thereafter she and her sister started walking home; that the defendant walked in the same direction; that they saw the deceased, and talked with him; that the two girls turned into another street; but that the accused walked on and caught up with the deceased; there also being evidence to support the State's theory that the deceased was robbed at the time of the homicide. It was competent to show the conduct of the accused before, as well as at the time of and immediately following the killing. *Lewis* v. *State*, 196 *Ga.* 755, 759 (27 S. E. 2d, 659).

3. It affords no ground for new trial that the court omitted to charge, without request, that all admissions should be scanned with care and confessions of guilt should be received with great caution. *Patterson* v. *State*, 124 *Ga.* 408 (52 S. E. 534).

4. There was no error in charging the jury that: "You are made the judges of both the law and the facts in criminal cases. The law is given you by the court, and by this charge you are bound." *Mims* v. *State*, 188 *Ga.* 702, 705 (4 S. E. 2d, 831).

5. The judge in his charge having instructed the jury that "good character if shown may be sufficient to create such a doubt of guilt as to jus-

tify or require an acquittal," an exception is without merit which complains that the judge refused a written request to charge that, "No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury and justify his acquittal."

6. It is not cause for new trial that the jury was charged as follows: "If it should be shown that the accused killed the person named in the indictment, the law would presume that the homicide was malicious until the contrary appears, unless the evidence adduced by the State shows justification or mitigation or excuse, and if it should not so appear from the evidence of the State, it would devolve upon the defendant to show such justification, mitigation, or excuse." *Etheridge* v. *State*, 187 *Ga.* 30 (199 S. E. 185).

7. It is not a meritorious ground of a motion for new trial that the judge, in charging the law as to voluntary manslaughter, instructed the jury that, "In all cases of voluntary manslaughter there must be some actual assault upon the person killing or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances sufficient to justify the excitement of passion and exclude all idea of deliberation or malice, either express or implied." Such is the law. Code, § 26-1007.

8. The remaining special grounds, with which the foregoing rulings do not deal, have been examined. They are either amplifications of the general grounds or else relate to rulings admitting testimony over the objection that the same was either irrelevant, immaterial, prejudicial, or a mere conclusion. None of the rulings admitting, over objection, any or all of the testimony set forth in the accompanying statement of facts would justify this court in granting a new trial.

9. The verdict was supported by the evidence, and the judgment refusing a new trial is *Affirmed. All the Justices concur.*

No. 14998. NOVEMBER 15, 1944. REHEARING DENIED DECEMBER 4, 1944.

*C. G. Battle* and *Barrelt & Hayes,* for plaintiff in error.

*T. Grady Head, attorney-general, John A. Boykin, solicitor-general, Durwood T. Pye, J. R. Parham,* and *Victor Davidson, assistant attorney-general,* contra.