BOOTH *v.* ADERHOLD, warden.

No. 15216. JULY 6, 1945. REHEARING DENIED JULY 23, 1945.

*W. George Thomas,* for plaintiff.

*E. E. Andrews,* solicitor-general, *R. N. Odum,* and *Durwood T. Pye,* for defendant.

BELL, Chief Justice. Golden Booth presented to Judge C. L. Cowart, of the city court of Reidsville, a petition for the writ of habeas corpus against A. C. Aderhold, warden. An order to show cause was issued, and a response was made. After hearing evidence from both sides, the judge remanded the petitioner to custody, and he excepted.

The petition alleged in effect that the petitioner had been convicted of murder, and that he was being held under a death sentence for such offense. It was further alleged that he was arrested for said offense without a warrant; that he was coerced and intimidated by named officers into signing a confession; that this confession was used and introduced by these officers at the coroner's inquest; and that, as a result of the reading of this confession, the petitioner was indicted for the offense of murder.

Paragraph 9 of the petition was as follows: "Petitioner shows that, as a result of the coerced confession, . . on the trial of said case . . the State of Georgia, instead [?] to make it appear that his confession was voluntary, it was not used or introduced, but

the court permitted the officers to testify as to what was in the confession, only making it appear to the jury as to the matters and things the officers testified to was a voluntary statement made by your petitioner to the officers, when in truth and in fact the matters and things testified to were the same things that were contained in the confession."

The warden responded that, while he had no personal knowledge respecting the matters alleged in the petition, he averred on information and belief that "said allegations are untrue."

The petitioner testified in support of his petition. He stated further that he was 27 years of age, had farmed nearly all his life, had never had any education beyond the first grade, and "can't read and write anything but my name." A half sister of the petitioner testified to the same facts regarding his education, and that "he was turned down by the army for mental deficiency."

The respondent introduced in evidence the record of the original trial for murder, including the verdict, sentence, the brief of evidence, motion for new trial, amendment to the motion, bill of exceptions whereon the case was carried to the Supreme Court, the remittitur, and so forth. For the decision by this court affirming the conviction, see *Booth* v. *State,* 198 *Ga.* 648 (32 S. E. 2d, 303).

In the brief for the plaintiff in error in the instant case, it is stated: "The sole question to be determined in this proceeding is whether or not the alleged voluntary statements made by the plaintiff in error to officers Cowan and Crankshaw were in reality related to them by and through the means of a coerced confession, and whether or not the method and manner in which said confession was obtained was illegal and in direct violation of the plaintiff in error's constitutional rights under the 14th amendment of the constitution of the United States, and article 1, section 1, paragraph 6 [3?] of the constitution of the State of Georgia, denying the plaintiff in error due process of law."

While we can not agree that the case should necessarily turn upon the simple issue of fact stated, yet in no view of it, does error appear. It appeared from the respondent's evidence that, on the trial of the accused for the alleged murder, officers Cowan and Crankshaw testified as to incriminating statements claimed to have been made by him, and one of them testified that these

statements were freely and voluntarily made. There was no objection to any of this testimony upon the ground that the statements were coerced, nor did the defendant in his statement to the jury on that trial make such a contention. The question was not raised in the original motion for new trial, nor in any of the special grounds that were added by amendment. Nor is there any contention that the accused was not represented upon his original trial by competent and faithful counsel, he having been represented by a different attorney at that time.

It may be said, first, that, under the evidence introduced on the habeas corpus trial, the judge trying the case was authorized to find from all the evidence, including the testimony of the petitioner himself, that there had been no coercion or intimidation, as contended by the petitioner. Secondly, even if the statements attributed to him were not freely and voluntarily made, no reason whatever appears why the contention now made by habeas corpus was not presented in some way on the original trial. This court has held that, "A complaint that a confession, introduced in the trial of a criminal case in which the petitioner was convicted, was obtained by duress, does not present a good ground for habeas corpus, for the reason that such an objection should have been properly made at the trial, and on failure to do so, is to be considered as waived." *Stroup* v. *Mount,* 197 *Ga.* 804 (30 S. E. 2d, 477). To the same effect see *Wilcoxon* v. *Aldredge,* 192 *Ga.* 634 (3) (15 S. E. 2d, 873, 146 A. L. R. 365). Whether these decisions would be applicable under all circumstances, they are directly in point as applied to the facts of the instant case, and require an affirmance. Compare *Clarke* v. *Cobb,* 195 *Ga.* 633 (24 S. E. 2d, 782); *Fowler* v. *Grimes,* 198 *Ga.* 84 (31 S. E. 2d, 174).

Counsel for the plaintiff cites and relies on Ashcraft *v.* Tennessee, 322 U. S. 143 (64 Sup. Ct. 921, 88 L. ed. 1192). That was not a habeas corpus case. The contention as to coercion was expressly urged upon the original trial, and by motion for a new trial. The refusal of a new trial was affirmed by the Supreme Court of Tennessee, and it was the latter judgment that was under review in the decision cited. Lyons *v.* Oklahoma, 322 U. S. 596 (64 Sup. Ct. 1208, 88 L. ed. 1481), also cited for the plaintiff in error, reached the United States Supreme Court in the same way. See also, in this connection, Pyle *v.* Kansas, 317 U. S. 213 (63 Sup.

658

Ct. 177, 87 L. ed. 214), and note on "Habeas Corpus," 87 L. ed. 217.

*Judgment affirmed.  Jenkins, P. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*