McKAY *v.* THE STATE.

JENKINS, Presiding Justice. 1. The evidence authorized the verdict. Accordingly, the general grounds of the motion for new trial and the first two of the special grounds, which are but an elaboration thereof, are without merit.

2. Special grounds 3 and 4, assigning error on the admission, over the defendant's objection, of evidence set forth in the statement of facts, as to the perpetration by the defendant of two holdups of other persons in the vicinity of the homicide and during the same night, in which a pistol was employed, are without merit under numerous decisions of this court. See *Andrews* v. *State,* 196 *Ga.* 84 (4) (26 S. E. 2d, 263); *Fuller* v. *State,* 197 *Ga.* 714 (30 S. E. 2d, 608); *White* v. *State,* 177 *Ga.* 115 (3) (169 S. E. 499); *Sisk* v. *State,* 182 *Ga.* 448 (185 S. E. 777); *Barkley* v. *State,* 190 *Ga.* 641 (2) (10 S. E. 2d, 32).

(a) The court charged as follows: "This defendant is on trial for the

particular offense charged against him in this indictment; that is, he is on trial of the charge of murder as charged in this indictment; and he is not on trial on account of any other alleged offense or offenses; but where knowledge, motive, intent, good or bad faith, and other matters depend [ing] upon a person's state of mind are involved as a material element in a particular criminal offense for which the defendant is on trial, evidence as to offenses or acts other than the particular crime charged in the indictment is admissible when it tends to connect the accused with the crime charged, or tends to show his course of conduct, motive, intent, or common scheme or plan of offenses. Any evidence with reference to other alleged transactions of the defendant should be limited by the jury to the consideration of the state of the defendant's mind in reference to the subject involved in this case for which he is now on trial." This charge with respect to such evidence was not subject to the exception taken, either because it instructed the jury that they might consider any evidence which tended to show the defendant's course of conduct, motive, intention, or common scheme regardless of whether or not it bore any relation to the offense for which he was being tried, or because it tended to mislead and confuse the jury. See *Manning* v. *State*, 153 *Ga.* 184, 198 (3), 199 (111 S. E. 658) ; *Palmer* v. *State*, 195 *Ga.* 661 (6) (25 S. E. 2d, 295) ; *Cooper* v. *State*, 182 *Ga.* 42 (4), 52 (184 S. E. 716, 104 A. L. R. 1309) ; *Dickerson* v. *State*, 186 *Ga.* 557, 558 (199 S. E. 142) ; *Brown* v. *State*, 14 *Ga. App.* 505, 509 (81 S. E. 590).

3. In special ground 5 exception is taken, first, to the admission in evidence, over the defendant's objection, of his written confession, and, second, to its being sent out with the jury, it not being made to appear, however, that any objection was made at the trial with respect to the second assignment, and no reason being given which would have prevented the making of such an objection.  *Held*:

(a) Under the authority of *Lowe* v. *State*, 125 *Ga.* 55 (3) (53 S. E. 1038), the first exception affords no ground for setting aside the verdict. See, in this connection, *Smithwick* v. *State*, 199 *Ga.* 292 (10), (34 S. E. 2d, 28), in which the *Lowe* case is cited; and also *Western & Atlantic R. Co.* v. *Stafford*, 99 *Ga.* 187 (3) (25 S. E. 656), and *Stallins* v. *Southern Railway Co.*, 140 *Ga.* 55 (2) (78 S. E. 421). Moreover, this first ground of exception is incomplete, in that it does not "set forth any objection to the evidence made at the time of its introduction." *Sims* v. *State*, 195 *Ga.* 485 (7), 490 (25 S. E. 2d, 1) ; *Norman* v. *McMillan*, 151 *Ga.* 363 (4) (107 S. E. 325) ; *Clare* v. *Drexler*, 152 *Ga.* 419 (5) (110 S. E. 176).

(b) As to the second exception, that this written confession was allowed to go out with the jury, just as in the *Smithwick* case, supra, it does not appear that any proper and timely objection was made to permitting the document to go out with the jury; and in the recent case of *Weaver* v. *State*, 199 *Ga.* 267 (5) (34 S. E. 2d, 163), it was held that, even in a case where the document sent out with the jury had not been offered in evidence, the exception must show that "neither the movant nor his attorneys knew, at the time or before the verdict was received, that said papers were handed to the jury." No valid exception being

122

made in the second exception, no ruling is made as to the actual propriety of allowing the confession to go out with the jury.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents from the ruling in division 2, and from the judgment of affirmance, and Head, J., disqualified.*

No. 15275. OCTOBER 5, 1945. REHEARING DENIED NOVEMBER 19, 1945.

124

126

*C. Don Miller* and *C. G. Battle,* for plaintiff in error.

*Eugene Cook, Attorney-General, R. A. McGraw, L. C. Groves, Assistant Attorneys-General, E. E. Andrews, Solicitor-General,* and *Durwood T. Pye,* contra.