18592.   HENDERSON *v.* THE STATE.

ARGUED MAY 12, 1954—DECIDED MAY 31, 1954.

Francis Y. Fife, Morgan C. Stanford, for plaintiff in error.

J. C. Tanksley, Charlie O. Murphy, Paul Webb, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, contra.

HEAD, Justice. 1. In ground 1 of the amended motion for new trial it is contended that the court erred in failing to charge the jury, without request, on the law of circumstantial evidence as set forth in Code §§ 38-102 and 38-109. It is insisted that all of the evidence adduced on the trial was circumstantial, and that it was mandatory on the court to charge the law of circumstantial evidence.

The witness Joe Beedles testified that he lived in the same apartment building with the defendant and the deceased, and that at about 1:30 or 2 o'clock in the morning, after the deceased had been wounded the night before, the defendant came to his apartment. This witness stated: "I had a small conversation with him. I asked him why did he do it and he never did give me no answer. I asked him why he shot his wife, and the only thing he said was he was not sorry. He said he come to tell me where the gun was. . . He told me that the gun was located up under the house, the same house that we lived in, that it was up under the house."

The defendant in his statement related that he was lying on the bed when the deceased came into the room and got the gun, whereupon they "tussled" over the gun for about two minutes, the gun hit the side of the bed, and the deceased stated that she was shot in the leg.

The testimony of the witness Beedles, with reference to the incriminatory statement made by the defendant to him, and the statement of the defendant on the trial to the effect that he participated in a struggle with his wife over the possession of the gun, which was discharged and caused the injury resulting in the death of the deceased, bring this case within former rulings of this court that such a case is not one depending entirely on circumstantial evidence. See Harris v. State, 152 Ga. 193,

194 (5) (108 S. E. 777); *Duren* v. *State*, 158 *Ga.* 735 (3) (124 S. E. 343); *Strickland* v. *State*, 167 *Ga.* 452 (145 S. E. 879); *Bowen* v. *State*, 181 *Ga.* 427, 429 (182 S. E. 510); *Booth* v. *State*, 198 *Ga.* 648 (32 S. E. 2d 303); *Swint* v. *State*, 203 *Ga.* 430 (3) (47 S. E. 2d 65).

2. Grounds 2 and 3 assert that the court erred in admitting the testimony of the witness Asora Satcher, to the effect that, immediately after the deceased was shot, she ran to the next apartment and stated "that John had shot Geneva." This testimony was objected to on the ground that it was a conclusion of the witness, since she did not see the shooting. The testimony was repeated later in the examination of this witness, and counsel for the defendant again objected to its admission. The trial judge allowed the testimony for the purpose of illustrating conduct, and restricted the jury to this purpose in its consideration of the testimony. It is insisted by the defendant that the evidence was inadmissible, that it was a conclusion of the witness, but had the imputation of direct evidence, and prejudiced the minds of the jury.

It is an elemental principle of law that, where the issue to be decided by a jury is a question of fact, the opinions of witnesses as to this question of fact are not admissible. Code § 38-1708; *Martin* v. *State*, 38 *Ga.* 293, 297; *Peterson* v. *State*, 47 *Ga.* 524 (3); *Gardner* v. *State*, 90 *Ga.* 310, 311 (4) (17 S. E. 86, 35 Am. St. R. 202); *Perdue* v. *State*, 135 *Ga.* 277, 279 (12) (69 S. E. 184); *Hammond* v. *State*, 156 *Ga.* 880 (2) (120 S. E. 539).

There was no witness to the actual shooting in the present case. The defendant claimed that the deceased had come into the room where he was lying on the bed and picked up the gun, that he struggled with her, and the gun was accidentally fired. It was the duty of the jury to draw its own conclusions as to whether or not the defendant shot the deceased, and this was not a proper matter for the expression of an opinion by any witness.

The fact that, in this testimony, the witness was recounting what she had said to others immediately after the occurrence under investigation would not make her statement admissible. Statements made by bystanders may be admissible in evidence as part of the res gestae to throw light on an occurrence, "when

the sayings are clearly free from suspicion of afterthought or device, and are not merely the expression of opinions or conclusions." *Hill* v. *State*, 17 *Ga. App.* 294 (86 S. E. 657). The fact that a statement was made immediately after a shooting, which resulted in a homicide, would not make it admissible in evidence as a part of the res gestae where the statement amounted to no more than a conclusion of the witness. *Fundy* v. *State*, 30 *Ga.* 400, 412; *Carr* v. *State*, 76 *Ga.* 592, 593 (3); *Tiller* v. *State*, 196 *Ga.* 508 (4) (26 S. E. 2d 883).

The statement of this witness was not admissible in evidence to illustrate conduct. She was a mere spectator and her conduct was not material to the issue involved. *Marsh* v. *South Carolina Railroad Co.*, 56 *Ga.* 274, 276 (3). The case of *Travelers Ins. Co.* v. *Sheppard*, 85 *Ga.* 751, 752 (7) (12 S. E. 18), cited by counsel for the State, is clearly distinguishable from the present case. In that case, an action by a wife on an insurance policy issued on her husband, it was held that an exclamation by one of the persons accompanying the husband on a hunting trip at the time of his disappearance, that "Sheppard has killed himself," was admissible to illustrate "such relevant conduct of the speaker as it tends to explain, and such relevant conduct of the hearer as it prompted or influenced." The opinion in that case, written by Chief Justice Bleckley, gives a lengthy explanation of why this statement was relevant as a part of the res gestae. It is shown that the person making the exclamation had died, and that the admission of the statement in evidence was necessary to show why the witness on the stand, who testified in regard to the statement, proceeded in the manner he related. In the next division of the opinion (at page 777), it was said: "Considered in the light of the circumstances, it is obvious that the exclamation that Sheppard had killed himself or had shot himself, was matter of inference or opinion on the part of Boykin. . . Were Boykin himself alive and on the stand as a witness, he would not be permitted to express to the jury his opinion, even though he superadded the reasons on which it was founded. For the question whether Sheppard shot himself or not is matter of fact to be found by the jury, and not matter of opinion appealing to the skill or sagacity of a witness."

The testimony of Asora Satcher in the present case, twice

given in evidence, that immediately after the fatal shooting she went next door and stated that "John had shot Geneva," was highly prejudicial to the defendant, and its admission will require the grant of a new trial.

Since there must be another trial of the cause, no ruling is made on the evidence.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Candler, and Hawkins, JJ., who dissent from the ruling in division 2 of the opinion and from the judgment of reversal.*

HAWKINS, Justice, dissenting. I dissent from the judgment of reversal in this case for the reason that, even if the evidence objected to was inadmissible for the reasons stated in the second division of the opinion, its admission was not harmful to the accused in view of the fact that, under his own statement, the gunshot wound which resulted in the death of the deceased was inflicted by a shotgun held by the defendant. Under this statement of the defendant, the deceased was shot by him. Whether it was intentionally done was the question to be determined by the jury, and the statement of the witness objected to was not the expression of an opinion upon this issue.

I am authorized to say that Mr. Chief Justice Duckworth and Mr. Justice Candler concur in this dissent.