38633. CAMP v. LEDFORD.

Decided February 27, 1961.

*Cecil D. Franklin*, for plaintiff in error.

*Howe & Murphy, D. B. Howe*, contra.

Bell, Judge. █ The first special ground of the amended motion for new trial contends that the following material evidence was illegally admitted by the court to the jury over the objection of the plaintiff at the time it was offered, on the grounds that it was hearsay and not admissible: "There was a lady come down there and she said she was a doctor and she looked at Mr. Camp and says, 'He is just shook up.' After she came down there she told us to scatter back, she was a doctor." This evidence is clearly hearsay and, properly, was inadmissible in evidence. See *Sullivan v. Hugly*, 32 Ga. 316, 321; and *Wynes v. State*, 182 Ga. 434 (185 S. E. 711).

The defendant contends that this testimony was admissible under the res gestae rule, citing *Griffin v. Cleghorn, Herring & Co.*, 63 Ga. 384. There the Supreme Court found there was no error in admitting in evidence what a third person said in the presence of the defendant and the plaintiff's agent when they were talking about the property which was to be sold, and held this conversation was admissible as part of the res gestae.

See also 6 Wigmore on Evidence, § 1748. However, here the *Griffin* case is not in point, for there is in the record no clear showing that the statement of the alleged "lady doctor" was within the hearing of the plaintiff. Furthermore, from the evidence of the physician who examined the plaintiff at the hospital immediately after the collision, the plaintiff was in a "very confused state" and "he himself was not able to tell much of the history of the accident because of his mental confusion." The doctor found the plaintiff had suffered a cerebral concussion, and, though conscious, was confused. In this status, the reasoning in the *Griffin* case, which appears to be based upon the idea that both parties heard and did not deny the opinion expressed, would not apply, as there is testimony in the record that the plaintiff was not in a condition to comprehend the statement or refute what was said, nor was there any showing that he heard it.

*Code* § 38-305 provides: "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae." The statement of the unidentified doctor was not shown to be such a spontaneous exclamation as to show its trustworthiness, but, on the other hand, the statement of the doctor seems to be a deliberate statement of an opinion. "An exclamation of a bystander which merely expresses opinion or conclusion is inadmissible." *Harnage v. State,* 7 Ga. App. 573 (67 S. E. 694); *Hill v. State,* 17 Ga. App. 294 (86 S. E. 657); *Carr v. State,* 96 Ga. 284 (22 S. E. 570); *Roberts v. Hardin,* 180 Ga. 757 (180 S. E. 634); Jones on Evidence, p. 633, § 345. See *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 776 (12 S. E. 18).

In addition, the criticised evidence was offered as the opinion of a "lady doctor" who is otherwise unidentified and whose qualifications as an expert, capable of having an expert opinion, were not shown. Obviously, the admission of this testimony was harmful error, as it was offered as an expert opinion by one whose qualifications were not known or shown.

■ The second special ground charges that the court erred in failing, without a written request, to charge the con-

tents of *Code Ann.* § 68-1649, setting forth the method of giving hand-and-arm signals. The trial judge did charge the jury, inter alia, that the defendant was under a duty to give an appropriate turn signal, either by means of hand-and-arm or by signal lamp or lamps or mechanical signaling devices, which is approximately the language of *Code Ann.* § 68-1647. The specific manner of signaling as provided in *Code Ann.* § 68-1649 was not given in the instruction to the jury, nor was it necessary. A review of the record reveals that the plaintiff contended that the defendant did not give any signal of his intention to turn left, and the defendant did not contend that he gave any signal stating, "I would be afraid to say whether I gave any signal such as a hand signal or turn signal, because I don't really know what took place." The only other witness to the collision testified that he did not see any signal given. In this condition of the evidence, the trial judge did not err in failing to instruct the jury as to the statutory method of giving hand-and-arm signals, particularly since the evidence shows that no signals were given or attempted to be given.

■  The third special ground of the motion contends that the court erred in failing to charge in its entirety *Code Ann.* § 68-1648 (a) which, in essence, requires the use of workable signal lamps or signal devices when a vehicle is so constructed or loaded that a hand-and-arm signal would not be visible both to the front and rear of the vehicle. The record reveals no evidence that the Dodge pickup truck driven by the defendant was so constructed or loaded that this statute would apply. Accordingly, there was no error in the court's failing to charge as assigned in ground 3.

The trial court did not err in overruling the motion for new trial on the general grounds.

Since the trial court erred in overruling special ground 1 of the amended motion for new trial, the judgment is

*Reversed. Felton, C. J., and Nichols, J., concur.*