No. 68.—J. J. WRIGHT, plaintiff in error, *vs.* W. B. GREEN-
WOOD & Co. defendants in error.

[1.] Where the verdict of a Jury is not decidedly and strongly against the
weight of evidence, it should not be set aside and a new trial granted.

[2.] A new trial will not be granted on account of newly discovered evidence,
which does not tend to prove facts that were not directly in issue on the
trial, or were not then known and investigated by proof.

Assumpsit, &c. in Troup Superior Court, and motion for new
trial.    Decision by Judge O. WARNER, December Term, 1854.

Greenwood & Co. sued James J. Wright on a note for $816.
Wright pleaded that the note was given for the purchase of a
negro girl, and that she was unsound in this : that she had
white swelling in her left arm, though warranted sound.    On
the trial, the bill of sale, dated 22d March, 1851, was in evi-
dence ; and it was proven by physicians and others, that in
the summer and fall of 1852, and in the year 1853, the negro
had white swelling in her left arm.    There was an old scar on
the arm.    From this fact and others, two physicians swore
they believed the disease had been of "some time" standing;
they could not say how long.    On the other side, it was proven
by neighbors who had known the negro in North Carolina, that
she was sound, and did the ordinary work of negroes, up to the
time of her sale.    A physician there testified, that in 1849, he
lanced a large boil on her left arm, after which it healed read-
ily ; that at first he supposed it to be white swelling ; but after
its healing so readily, he was satisfied it was not.    It was also
proven, that twelve months after the sale, Wright "expressed
himself" satisfied, and promised to pay the note.    This is the
substance of the evidence.    The Jury found a verdict for
Greenwood & Co.

Wright moved for a new trial—1st. Because the verdict was
contrary to the evidence.    2d. For newly discovered evidence
in this : that he could prove by one William R. Hardy, of
Heard County, that the negro was lame and unsound in the

left arm, three days after the sale. This last ground was sup-
.ported by the affidavit of Hardy stating the fact, and that he
had never before communicated it to Wright; and the affidavit
of Wright, as to the truth of this ground.

The Court refused the new trial, and this decision is as-
.signed as error.

BULL & FERRELL, for plaintiff in error.

MORGAN, for defendants in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] We are not prepared to say, that this verdict is contra-
ry to the evidence. At all events, we are satisfied, that it is
not so decidedly and strongly against the weight of evidence,
as to authorize an interference with the verdict of the Jury.

[2.] The newly discovered testimony, which was presented
upon the motion for a new trial, is, in its nature, cumulative
evidence—such as had been received already, as to the ques-
tion, whether or not this slave was diseased with white swel-
ling at the time of her sale to the plaintiff in error (March
1851). That testimony was presumptive, it is true, but so is
this; and it goes to the same point. Its tendency is greatly
to strengthen that presumption; and it seems very hard that
it cannot be received. I confess that I have leaned very much
towards receiving it. But we find the rule inflexible, that a
new trial will not be granted because of the discovery of *any*
evidence, which does not tend to prove facts that were not di-
rectly in issue on the trial, or were not then known and inves-
tigated by proof. It is impossible for us to say that this fact
was not, on the first trial, investigated by proof. (*Grah. N.
T. Ch.* 13. *Moore vs. The Phil. Bank*, 5 *Serg. & R.* 40.
*Warren vs. Hope*, 6 *Greenlf.* 479.)

The sound reasons on which the rule is based, viz: the
necessity that there should be an end to litigation; the en-
couragement which a different practice would hold out to the

prolonging of suits, and to the introduction of perjury, for the purpose of presenting new evidence, quite reconciles me to what appears something of a hardship in this particular case.

Judgment affirmed.