## Brantley v. Davis et al.

HILL, J. 1. On the trial of an issue formed by the filing of a protest to the return of processioners finding a certain land line to be the true line between certain lots of land, it was error for the court to instruct the jury: "So in your investigations, if you should find, as a matter of fact from the evidence that the corner known and testified about as the Davis corner . . was the original corner . . where the original corner post was placed, then that would be, under the law, the original corner for that lot of land, whether it is the same post or not; if it was in the same place, or approximately the same place, as the original corner post, that would be the true corner of the lot of land, and then the true line between these lots would run due east and west between these two lots, whether the original line had ever been blazed out or not—that would make no difference; if that is the true corner, the true line would be a straight line running east and west from that corner. . . If you find that to be the true corner, then the true line would be a line running due east, with such magnetic variations as surveyors allow, from that corner." The language of the charge that "if it was in the same place, or *approximately* the same place, as the original corner post, that would be the true corner of the lot of land," etc., should not have been given.

2. On the trial of such an issue, the following testimony was objectionable as hearsay, and should have been excluded: "There was a line put there way back yonder by Mr. Youmans, the father of Mr. Youmans who was on the stand. I was not living in the county at that time; they said he couldn't find the original line, and run this one. I do not know as to whether the talk about that was general or restricted; they were just talking about the line put there by Mr. Youmans; there was very little talk about it so far as I know."

3. The testimony objected to in the 9th and 10th grounds of the amended motion was inadmissible and should have been excluded, on objection of the plaintiff, on the ground that it had reference to transactions occurring subsequently to the filing of the petition for processioning.

4. There being no connection shown between A. P. Brantley, the plaintiff, and the Brantley Company, by which the latter could bind the former, the following testimony of a witness for the defendants should have been excluded on motion: "I know about the line claimed by Davis and Sinquefield. I cut the wood off of it, off of the Davis line, known as the Brown line, and I know I cut down to the lower line, that is about three or four hundred yards of this house, over the field fence; at that time I was working for the Brantley Company, and cutting on the Davis lot. I am not positive but I think I began cutting for them in January, 1902." For the same reason the testimony which is set out in substance in the 12th ground of the amended motion should have been excluded.

5. The court instructed the jury as follows: "Now, if you find that prior to the time Mr. Youmans ran that line, that that was the original line dividing these two lots of land, and that this other line, known as the Davis line, was not in existence at that time, and was not the original land line, but the other was, then it would remain so until the present

time, unless it was taken out of that rule by the acquiescence of the parties for more than seven years as to the Davis line being the true line, and in that case the Davis line would then be the true line." This charge was error in that the statement that "Mr. Youmans ran that line" was an expression of opinion as to what had been proved. The court assumed that Youmans ran the original line, which is not conceded.

6. Under the pleadings and the evidence, it was error to refuse a request to charge the following: "If you find that the line established by the processioners is the true original line between lots 94 and 95, then you would find in favor of the plaintiff, unless you find that the plaintiff or his predecessors in title acquiesced in the line contended for by protestant, Mr. Davis, for a period of time fixed by the law, seven years, by acts or declarations. It would be necessary for the plaintiff or his predecessors in title to have knowledge of the line claimed by Mr. Davis, and knowledge and acts or declarations by other parties than such owners of the adjoining lots could not amount to acquiescence and bind Mr. Brantley or his predecessors in title."

7. There is no substantial merit in any of the other assignments of error.
   *Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
   FEBRUARY 10, 1915.

Processioning. Before Judge Parker. Pierce superior court. November 3, 1913.

*Memory & Summerall,* for plaintiff.
*Parks & Reed,* for defendants.