# BATTLE *et al. v.* ROYSTER GUANO COMPANY.

1. An equitable petition which asks at the same time a judgment against one named defendant, and also the cancellation of various deeds made to the other defendants upon the ground (as sufficiently stated in the petition) that the cancellation of such deeds is essential as a means of enforcing the money judgment which is sought, is not for that reason multifarious; and the trial judge did not err in overruling the demurrer upon which plaintiff in error insists.

2. (a) With all of the testimony in behalf of the defendant before the court and jury from which inferences favorable to the plaintiff's contention might have been drawn, the court would not have been authorized to direct a verdict; and certainly at that late stage of the case he would not have been authorized to award a nonsuit, even if there had been any defect in the proof in behalf of the plaintiff, but which defect had been cured by evidence introduced in behalf of the defendants.

(b) The court properly overruled the motion to nonsuit in this case, as predicated upon the particular reasons presented in support of such motion. A motion to award a nonsuit will not be granted for failure to prove an immaterial matter not alleged in the petition.

3. The instructions by the court when the jury requested an additional charge as to the form of their verdict were confusing and incorrect; and these erroneous instructions tended to mislead the jury into the belief that they had the right to set aside any one or all the deeds as a mere matter of discretion, without regard to the evidence, or as they " wanted to do " and as they might " see fit." Since errors are presumed to be harmful to the losing party, unless the contrary plainly appears, the instruction of which complaint is made must be held to have been prejudicial, and a new trial should have been granted.

4. The instruction of which complaint is made in the 11th ground of the amendment to the motion for a new trial is not subject to the exceptions made; and if erroneous, it is not error for the reasons assigned.

5. The instruction, " that a conveyance by a wife to her husband made at a time when suit was pending against her, which suit was known to be so pending by the husband, renders such a paper or conveyance prima facie void, and the burden would be on the defendant, her husband, to show the bona fides of the same," was not erroneous. RUSSELL, C. J., and BECK, P. J., dissent.

6. The instruction, " if you should believe that she [meaning Mrs. Battle] was not indebted to Mrs Whiteley in any sum, then I charge you should find in favor of the plaintiff and cancel the deed; and in this connection I charge you that relationship of mother and daughter may be considered," being authorized by evidence, was not, for any of the reasons assigned, erroneous.

7. As viewed in the light of the present record, each of the remaining exceptions presented by the motion for a new trial is either not sufficiently meritorious to have affected the result or is of such nature as will not recur in the future trial of the case.

No. 3050.     MARCH 2, 1923.

Equitable petition.  Before Judge Shurley.  Warren superior court.  January 12, 1922.

*L. D. McGregor,* for plaintiffs in error.

*Crenshaw & Lindsay,* contra.

RUSSELL, C. J.   F. S. Royster Guano Company filed this suit against Mrs. Bessie Cason Battle, on a promissory note for the principal sum of $14,379.31.   Joined with Mrs. Battle as code-fendants were James L. Grogan, Nixon & Wright, J. R. Steine, T. L. Atchison, J. H. Battle, Jonas Weathers, and Mrs. Louise Whiteley.   James L. Grogan and Nixon & Wright were alleged to be cotton factors.   J. R. Steine and T. L. Atchison were merchants.   J. H. Battle is the husband of Mrs. Bessie Cason Battle. Jonas Weathers is an overseer for Mrs. Bessie Cason Battle, and Mrs. Louise Whiteley is the daughter of J. H. and Mrs. Bessie Cason Battle.   The petition alleges that Mrs. Battle, while insolvent, conveyed all of her assets of every kind and character to the other defendants, these defendants taking the conveyances knowing Mrs. Battle to be insolvent, and knowing it to be her intention to hinder, delay, and defraud her creditors, and particularly the plaintiff.

Mrs. Battle filed her answer denying the allegations of the petition.   The defendants filed demurrers to the petition, and a plea in abatement, and at the conclusion of the testimony moved to nonsuit the case.   The trial judge overruled the demurrers, found against the plea in abatement, and refused to nonsuit the case, except as to defendants T. L. Atchison and Nixon & Wright.   Exceptions to the court's rulings as to the demurrers, the plea in abatement, and the motion to nonsuit were preserved pendente lite, and are now presented to this court for review.   The trial of the case resulted in a verdict for the plaintiff for the full amount sued for, including attorney's fees; and the jury also found that the security held by all the defendants, except Atchison and Nixon & Wright, should be cancelled.   Thereupon the defendants made a motion for a new trial, and they now except to the order of the judge overruling that motion.

1. The plaintiffs in error in their briefs abandoned all the demurrers except the third, and also expressly abandoned any insistence upon the plea in abatement.   The only demurrer now insisted upon is that of misjoinder, it being insisted "that there is

no character or kind of conspiracy averred or alleged between the several defendants named and set out in the petition." The plea of multifariousness is not a favorite of the law. In this instance the exact point for our consideration is, whether the petition which does allege a common interest on the part of all of the defendants in the land (the security deeds to which are sought to be set aside) is multifarious merely by reason of the fact that no conspiracy to hinder, delay, and defraud the creditors of Mrs. Battle is alleged. This brings us to the inquiry as to what is the real nature of the present action. It is a suit by the Royster Guano Company to obtain a judgment against Mrs. Battle for the sum of fourteen thousand and some odd dollars, besides interest and attorney's fees, and the equitable relief sought is the cancellation of each and all of the deeds, which the plaintiff alleges were made by Mrs. Battie to hinder, delay, and defraud the plaintiff especially, and also other creditors. The cancellation of the deeds is essential to the full maintenance of the plaintiff's rights. Under the allegations of the petition, even if the plaintiff obtains a judgment at law, its execution will be valueless but for equitable intervention. Thus, the defendants who hold deeds being necessary parties, and the cancellation of the deeds being a sine qua non, without which the plaintiff's recovery would be impossible, we do not think the petition is multifarious, even though no conspiracy be alleged or referred to.

The case is very similar to that of *DeLacy* v. *Hurst,* 83 *Ga.* 223 (9 S. E. 1052). In that case the objection for multifariousness was not raised; but under the court's ruling upon the demurrer then presented, the general principles which control our decision in this case were announced. Judge Simmons, after calling attention to the fact that the demurrer then under consideration would have been sustained under the old rules of equity pleading and practice, said: "Under these rules, courts of equity would not entertain a bill so long as the complainant had a common-law remedy. Whenever he applied to a court of equity in such a case as this, it was incumbent on him to show that he had exhausted all his common-law remedies, . . that he had sued his claim to judgment, that he had had an execution issued thereon, and a return of nulla bona had been made thereon by the sheriff. When this was alleged in the bill, equity took jurisdiction and would aid

him by setting aside fraudulent conveyances, in order that the cloud might be removed from the title of the property and the property bring its full value. . . We think these rules have been abolished in Georgia since the passage of the uniform-procedure act of 1887 (Acts 1887, p. 64). That act conferred upon the superior courts jurisdiction to hear and determine all causes of action, whether legal or equitable, or both. If the plaintiff has a purely legal action, he can bring it in that court; if he has a purely equitable action, he must bring it in that court; if he has an action both legal and equitable, he must bring it in that court. If it is a purely legal action, then it is tried upon legal principles; if a purely equitable action, equitable principles are applied on the trial of it; if it is partly legal and partly equitable, both legal and equitable principles are applied. This being true, we cannot see the reason for compelling a plaintiff, in a case like the one under consideration, to apply first to the superior court and obtain a judgment and have an execution issued and returned nulla bona, and then apply to the same court to aid him in enforcing the judgmet which that court had previously granted. As said before, the reason that a court of equity would not aid the plaintiff was, because he had a complete and adequate remedy at law, and had not exhausted this remedy; if he did not have a complete and adequate remedy at law, a court of equity would then take jurisdiction. There being now but one court, the court of equity being abolished, the reason for that rule falls, and therefore the rule falls. There is no reason now why the court should not give complete and ample relief to all of its suitors, either plaintiffs or defendants, in the same action. It has jurisdiction of the parties and the subject-matter, and, in a case such as the case at bar, can grant to the plaintiffs judgment on their claims if it is proper to do so, and at the same time, if proper parties be made, set aside fraudulent conveyances which are in the way of the execution of that judgment." For the reasons so forcefully presented in the foregoing quotation, we think that the trial judge did not err in overruling the demurrer.

2. Exception is taken to the refusal of the court to award a nonsuit. We waive consideration of the fact that the motion for a nonsuit, instead of being made at the conclusion of the testimony for the plaintiff, which was the proper time, was made after the

defendants had also introduced all of their testimony. With all of the testimony of the defendants before the court and jury, and with inferences that might have been drawn from some of it favorable to the plaintiff's contentions, the court would not have been authorized to direct a verdict, and certainly, at that stage of the case, he would not have been authorized to award a nonsuit even if there had been any failure on the part of the proof in behalf of the plaintiff, which deficiency had been supplied by evidence introduced in behalf of the defendants. However, altogether aside from this consideration, we think the court properly overruled the motion to nonsuit as predicated upon the special grounds in support of such motion. The first ground was because the plaintiff failed to sustain its allegations that these deeds were executed by Mrs. Battle to Nixon & Wright, James L. Grogan, T. L. Atchison, Jonas Weathers, and J. R. Steine. This ground was properly overruled, since the deeds themselves were before the jury without objection on the part of the defendants. The second and third grounds of the motion to nonsuit were based upon the fact that the evidence failed to show that the deeds executed by Mrs. Battle, and referred to, was the result of collusion and conspiracy. In overruling these two grounds of the motion to nonsuit, the court was obliged to hold that proof of collusion and conspiracy was not necessary,— that it was enough if the defendants were shown to have such a common interest in the subject-matter adverse to the rights of the plaintiff as that the deeds should be cancelled. And for the reasons stated in our ruling upon the demurrer, the failure to prove collusion and conspiracy was not important to the plaintiff's right to recover; and certainly a failure to introduce proof upon the subject, when there was no allegation of collusion or conspiracy in the petition, would not afford ground for a nonsuit.

3. One of the assignments of error in the motion for a new trial is based upon an instruction given to the jury upon their return to the court-room with a request that the judge inform them as to the form of their verdict. As to this assignment, and one embodied in another ground of the amendment to the motion for a new trial, the trial judge appends to his approval of the two grounds the following note: "The charges given and excepted to in paragraphs 12 and 13 were given in response to the following

question propounded by the jury after they had considered the case for some time, to wit: " Can we cancel all of the deeds, or cancel some and maintain some?" The entire instruction given in response to the request of the jury was as follows: " Gentlemen of the jury, if you should believe from the evidence that the deeds were given for the purpose of hindering, delaying, or defrauding creditors, and that the intention was known to the parties taking them, or they had a reasonable ground to suspicion that such was the intention of Mrs. Battle, then you should cancel the deed, and in that event the form of your verdict would be, ' We, the jury, find such and such (naming them) deeds' as you would cancel. If you should believe that the deeds were not given for the purpose of hindering, defrauding, or delaying a creditor or creditors, that they were bona fide for a valid subsisting obligation, then I charge you that you would not find the deeds to be canceled, unless it should appear to you from the evidence that the defendants — that is, the grantees — knew that it was her intention to defraud the creditors, or that they had reasonable ground to suspicion. Whichever deeds you want to cancel or whichever deeds you don't want to cancel under this evidence, write your verdict: ' We, the jury, cancel such and such deeds ' (naming them), ' and we further find ' (or, if you don't find), ' We, the jury, find for the defendant,' and in that event, gentlemen, the counsel will put your verdict in form. You can cancel any one of the deeds or all of them, just in your discretion under the evidence. You can cancel one deed, or you can cancel all of the deeds, just according to the evidence, as you see fit."

The plaintiff in error bases two exceptions upon this supplemental charge. In one it is insisted that it was error to charge, " If you should believe that the deeds were not given for the purpose of hindering, defrauding, or delaying a creditor or creditors, that they were bona fide for a valid subsisting obligation, then I charge you that you would not find the deeds to be cancelled, unless it should appear to you from the evidence that the defendants — that is, the grantees — knew that it was her intention to defraud the creditors, or that they had reasonable ground to suspicion." We think this charge was error, in that, after charging that the jury should not cancel the deeds if they believed that Mrs. Battle had no intention of hindering, defrauding, or de-

laying creditors, the court then charged that they might cancel the deeds if " the defendants — that is, the grantees — knew that it was her intention to defraud the creditors, or had reasonable grounds to suspicion." This instruction was obliged to be confusing to the jury, and was, of course, incorrect; for if Mrs. Battle had no intention of defrauding her creditors, it would be impossible for the grantees under the deed to know that she had an intention which she actually did not have.

The second exception is based upon the concluding portion of the charge, which was in the following words : " You can cancel any one of the deeds or all of them, just in your discretion under the evidence. You can cancel one deed, or you can cancel all the deeds, just according to the evidence, as you see fit." We think this instruction was erroneous and misleading to the jury, because it was likely to create in their minds the belief that they had the right to set aside any one or all of the deeds as a mere matter of discretion, or as they saw fit. It is possible, as the word " discretion " as used was followed immediately by the words " under the evidence," and the second statement that the jury could cancel one deed, or all of the deeds, " just according to the evidence, as you see fit," did not impress the jury with the thought that the whole matter of cancellation of the deeds was one addressed only to their discretion, especially as in each instance it was evidently the intention of the judge to restrict the use of any discretion by the evidence. But since, under the general rule, errors are presumed to be hurtful to the losing party, the instruction given must be held to have been prejudicial.

4. It is insisted, in the eleventh ground of the amendment of the motion for a new trial, that the court erred in charging the jury that " whether the transactions and deeds were given to hinder, delay, or defraud a creditor or creditors, you may take into consideration whether any communication on the part of Mrs. Battle to the defendants, who had them placed on record, who paid the record fees for said deeds, and whether or not there were suits of file in either or both the State or Federal courts of the State of Georgia :" (*a*) Because it was the expression of an opinion by the trial judge of what specific facts and evidence the jury should consider in its deliberation of the case, in ascertaining whether or not the deeds were executed by Mrs. Battle to

hinder, delay, or defraud her creditors, and wrongfully invaded the province of the jury. (*b*) Because such charge invaded the province of the jury, in that such a charge could only be considered by the jury to mean that the facts above recited in said charge were badges of fraud sufficient to authorize the jury to cancel the deeds, when in law what facts amounted to badges of fraud were solely questions of fact for the jury, and not the court. We do not think this instruction is subject to the exceptions made, and if erroneous, it is not error for the reasons assigned.

5. The judge charged the jury as follows: " In that connection I charge you, gentlemen, I charge you that a conveyance by a wife to her husband, made at a time when suit was pending against her, which suit was known to be so pending by the husband, renders such a paper or conveyance prima facie void, and the burden would be on the defendant, her husband, to show the bona fides of the same." The majority of the court are of the opinion that the foregoing instruction is not error, and their ruling is expressed in headnote 5.

In the opinion of Mr. Presiding Justice Beck, and myself, this instruction should be held to be erroneous for two reasons, In the first place, the instruction of the judge was equivalent to a statement that when a deed is made by a wife to her husband, at a time when a suit is pending against her, of which the husband has knowledge, these circumstances alone, in law, constitute a badge of fraud. It is not proper for a trial judge to tell the jury that any particular circumstance constitutes a badge of fraud; for it is the exclusive province of the jury to determine that for themselves. A badge of fraud may be defined to be any circumstance which tends to raise justifiable suspicion of fraud. The determination of whether any particular circumstance is a badge of fraud is dependent upon facts, of the credibility and weight of which the jury are the exclusive judges. Hence we think the judge erred in stating, impliedly at least, that the pendency of a suit and knowledge of that fact by the husband was as a matter of law a badge of fraud. Furthermore, the expression, " renders such a paper or conveyance *prima facie void*," was so inapposite as to perhaps mislead the jury. Had the judge omitted the words quoted, the instruction which followed those words, to wit, " the

burden would.be on the defendant, her husband, to show the bona fides of the same," standing by themselves would have been a correct instruction.

6. The instruction of which complaint is made in the ninth ground of the amendment to the motion for a new trial, " or if you should believe that she [meaning Mrs. Battle] was not indebted to Mrs. Whiteley in any sum, then I charge you should find in favor of the plaintiff and cancel the deed; and in this connection I charge you that relationship of mother and daughter may be considered," was not, for any of the reasons assigned, erroneous. There was evidence going to show that Mrs. Battle was not indebted to her daughter, Mrs. Whiteley, the weight and credit of which was for the jury; and the instruction was authorized. Other than the exceptions hereinabove considered, there was no material error, and all other exceptions are overruled.

*Judgment reversed. All the Justices concur except Russell, C. J., and Beck, P. J., who dissent from the ruling contained in the fifth headnote.*