28521, 28561. STANLEY *v.* WARNER BROTHERS PICTURES INCORPORATED *et al.;* and *vice versa.*

DECIDED DECEMBER 5, 1940. ADHERED TO ON REHEARING DECEMBER 20, 1940.

*John I. Kelley, Edith Campbell,* for plaintiff.
*Jones, Powers & Williams, Marvin G. Russell,* for defendants.

BROYLES, C. J. This is an action for libel brought by Vivian Stanley against Warner Brothers Pictures Inc. and others. The petition as amended was demurred to, generally and specially. The general demurrer and some of the special demurrers were overruled, while paragraph 12 of the demurrer (attacking the allegation in paragraph 37 of the amended petition that "the plot of said moving picture was written by the said Robert E. Burns") was sustained. The defendants filed a direct bill of exceptions complaining of the overruling of their demurrers, and the plaintiff filed a cross-bill of exceptions complaining of the sustaining of paragraph 12 of the demurrer. This court affirmed the judgment on the main bill of exceptions, and reversed the judgment on the cross-bill. 56 *Ga. App.* 85 (192 S. E. 300). On February 9, 1938, the plaintiff tendered an amendment to his original petition as previously amended. To that amendment the defendants filed a demurrer which, on April 6, 1938, was sustained and the amendment stricken; and to that judgment, the plaintiff excepted pendente lite, and, subsequently, in his main bill of exceptions, assigned said judgment as error. On April 18, 1938, the defendants filed an amendment to their original answer, and the plaintiff demurred to that amendment. On the hearing of the demurrer the court overruled ground 2 (a) and (b), and ground 3 of the demurrer, and sustained ground 1 and ground 2 (c) to (h) inclusive, and grounds 4 and 5 of the demurrer. To that part of the judgment which was adverse to him the plaintiff excepted; and in a cross-bill of exceptions the defendants excepted to that portion which was adverse to them. On October 4, 1938, the court allowed another amendment to the answer of the defendants, and that judgment was assigned as error. The case proceeded to a verdict and judgment for the defendants, a motion for new trial was overruled, and that judgment was excepted to. When this case was previously here, this court set forth the entire pleadings, and as stated in the brief of counsel for the plaintiff in error, "the basic facts are stated with sufficient accuracy in the reported case (56 *Ga. App.* 85) to enable the court to arrive at a clear understanding of the nature of the libel sued upon and the relevancy and importance of the assignments of error contained in the motion for new trial." Therefore we will not reproduce the pleadings in this opinion.

We will first consider the assignment of error on the judgment

striking the amendment (to the petition) filed on February 9, 1938. The amendment alleged that the defendants, in making the picture, "I Am A Fugitive From A Chain-Gang," for the purpose of accentuating the charges against Vivian Stanley and making them more harmful to him, designed the picture so as to "build up" said fugitive as a man of clean and upright character, when in truth and in fact said fugitive had been guilty of various serious crimes in Atlanta, Georgia, the State of New York, and Chicago. The amendment set forth in detail said alleged crimes, and alleged that the picture did not disclose that evidence of said crimes was in the files of the Prison Commission of Georgia, and that such evidence actuated the plaintiff and the Prison Commission in declining to recommend a pardon or parole for said fugitive, but on the contrary the picture made it appear that the fugitive was not guilty of the offense in Georgia for which he was convicted, and that his life's history was beyond reproach, and portrayed the plaintiff and the other members of said commission as cruel, savage, brutal, and vengeful representatives of a barbarous chain-gang system, and "as such villains as to expose them to the public hatred, scorn, contempt, and ridicule of those witnessing the exhibition of said motion picture." The amendment was also demurred to on the ground that its allegations did not aid the cause of action alleged in the petition as amended theretofore, that its allegations stated conclusions of the pleader, and were immaterial and irrelevant to the cause of action alleged theretofore, and were inconsistent with the allegations of the petition, as theretofore amended, that the picture was based upon the story in the book entitled, "I Am A Fugitive From A Georgia Chain-Gang." The amendment was further demurred to on the ground that it sought to set out a new cause of action against the defendants, and on various other grounds.

In our opinion the amendment was not subject to any ground of the demurrer interposed and the court erred in striking it. On the former appearance of this case here, this court made the following ruling: "We construe the petition as setting forth but one cause of action, and that is for the republication of the libel contained in the book, by the exhibition of the picture as advertised, and as advertised to have been based on the book." Our view is that the amendment did not attempt to set up a new cause of action, but merely elaborated the allegations of the petition as theretofore

amended, and was not subject to any other ground of the demurrer. We think that the amendment should have been allowed as bearing on the question of the good faith of the defendants in exhibiting the picture, and consequently on the questions of malice and damages. We adopt the following language from the brief of counsel for the plaintiff in error: "The libel charged was calculated to intensify the feelings of those who saw the picture against the plaintiff in error when it was so published as to make it appear that there was no good reason why plaintiff in error should not have recommended a pardon or parole, for the feeling or resentment aroused by a picture showing an individual knowingly subjecting an innocent person to punishment and continuous penal servitude would be infinitely greater than if the picture disclosed that the convict was a hardened criminal, guilty of the offense for which he was serving. In the instant case the picture so portrayed the fugitive as to make of him a hero, and such an exemplary character that the characters representing the Prison Commissioners, including plaintiff in error, were odious by contrast."

The error in striking said amendment rendered the further proceedings in the case nugatory.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. MacIntyre and Gardner, JJ., concur.*

ON REHEARING.

BROYLES, C. J. In their motion for a rehearing of this case the movants contend that the error, if error, in striking the amendment to the petition was harmless, since on the trial the plaintiff was permitted to offer and to have admitted all the evidence that he could have had admitted if the amendment had been allowed. The record does not affirmatively support this contention. It does appear therefrom that some evidence in support of some of the allegations of the stricken amendment was admitted, but it fails to appear that such evidence was not admitted for limited purposes only. And it does not appear that *all* of the evidence that would have been admissible, if the amendment had been allowed, was admitted on the trial. The cases cited by movant, which hold that where *all* evidence, which could have been admitted in support of a stricken amendment, was thereafter admitted, the error in striking the amendment was harmless, are differentiated from this case. Since an error by the court "is presumed to be harmful to the

losing party, unless the contrary plainly appears," the error "must be held to have been prejudicial," and a new trial should be granted. *Battle* v. *Royster Guano Co., 155 Ga.* 322 (3) (118 S. E. 343). In the instant case this court can not hold that it "plainly appears" that the plaintiff was permitted to introduce *all* the evidence that he could have introduced had the amendment in question been allowed. The other grounds of the motion show no cause for a reversal of our judgment.

*Judgment adhered to. MacIntyre and Gardner, JJ., concur.*