34447.   LIVELY *v.* THOMPSON *et al.*

D<span style="font-variant:small-caps">ECIDED</span> A<span style="font-variant:small-caps">PRIL</span> 11, 1953.

32

*Leon Boling, Wood & Tallant,* for plaintiff in error.
*Harris, Henson & Gower, Wm. E. Spence,* contra.

FELTON, J. 1. In an amendment to their answer the defendants allege: "These defendants own and are in possession of the lands in dispute in the case, said lands being described as follows: [here the description]." The plaintiff's demurrer to such amendment was overruled and she excepted. The plaintiff "insists that this was an effort on the part of the defendants to set up an affirmative defense and title to the lands in dispute, which if done, the description of the lands so relied on should be sufficient in law to sustain a cause of action based thereon. It is believed that an examination of this description will readily show that such description is insufficient." We do not agree that the defendants are seeking to set up title to the disputed lands by such description. The allegation is that the defendants own and are in possession of the lands in dispute, which is in effect a denial that the plaintiff owns such land, and the description is merely a description of the lands in dispute. The plaintiff does not contend that this is an incorrect description of the disputed lands. It appears that all parties are agreed as to what lands are in dispute. The description not being one on which the defendants seek to establish title or the location of the line in dispute, the court did not err in overruling the demurrer on the grounds contended.

2. Ground one of the amended motion complains that the court erred in admitting in evidence over objection a picture of the old Alpharetta Baptist Church, which had been torn down prior to the present litigation. The plaintiff contends that its admission was error because it in no way related to the issues of the case. There was an alley or driveway on the western side of the old church building. If the starting point of the description in the defendants' deed is as contended by the plaintiff, the alley or driveway would be on the defendants' land; but, if such starting point is where the defendants contend it is, the alley or driveway would not be on the defendants' land. The defendants contend that such admission was not error because there was testimony that the old church building was so situated that rain water falling from its eaves fell on the adjoining property, and that the evidence illustrated a sharply drawn issue of

whether the defendants' west property line was east or west of the alley or driveway. The picture did not show such alley or driveway nor did it show any other reference to the metes and bounds of the defendants' property; therefore the picture had no bearing on or usefulness in the determination of the issue involved. It was error to admit the picture in evidence, but we do not believe it was harmful to the plaintiff. However, in a new trial of the case the court should not admit the picture in evidence if it is offered.

3. Ground two of the amended motion complains that the court erred in admitting a certain sketch or diagram of the property involved. The sketch or diagram was not introduced as an official document under Code § 23-1112, nor did it purport to be a minute and detailed representation of the property. The witness who made the diagram testified as to the correctness of the measurements shown thereon, and testified that, while the old barn and old church building shown thereon may not have been located exactly as shown thereon, they were shown as he remembered them and that such were their relative positions. The sketch or diagram, while not admissible as original, independent evidence, was admissible for what it was worth to illustrate the witness's testimony. *Durden* v. *Kerby*, 201 *Ga.* 780, 782 (41 S. E. 2d, 131); *Bradley* v. *Shelton*, 189 *Ga.* 696, 698 (5) (7 S. E. 2d, 261); *Brantly* v. *Huff*, 62 *Ga.* 532 (1).

4. Grounds three and four of the amended motion complain that the court erred in excluding the following testimony: "Q. According to the deeds that were exhibited to you and the starting point that was pointed out to you, what does this property in your judgment represent in here? A. It constitutes the Baptist church property." "Q. Mr. Carey, down on the southeast corner of your plat where you have the words 'iron pipe placed', and an angle with the street of 87 degrees and 45 minutes, does that accurately represent the beginning point of Mrs. Minda Lou Lively? A. Yes, sir." Billy Williams testified that he was present when the defendants' west property line was run, and that the hickory tree described in the defendants' deed as the starting of its description was used as a starting point for such line. He testified that the hickory tree was where the plaintiff now contends it was, and testified that he pointed out

the location of the hickory tree to Mr. Boling and Mr. Lively. Mr. Boling testified that Mr. Williams so pointed out the location. Mr. Carey, a civil engineer employed by the plaintiff to make a plat of the property, testified that he used the location as pointed out to him by Mr. Boling and Mr. Lively as a starting point in the making of the plat, and that the accuracy of the plat depended on the accuracy of the location of the starting point. The witness's plat depicted the defendants' property as the plaintiff contended, using the starting point as pointed out by Mr. Williams, and we think the testimony excluded was a confirmation of the plat and not merely an opinion, and such testimony should have been admitted.

5. Grounds five and six of the amended motion complain that the court erred in charging the jury the law applicable to adverse possession and in submitting such issue to the jury, the plaintiff contending that the stipulation between the parties eliminated the issue of adverse possession. The stipulation was "that neither party requires proof of title on the part of the other party, and that the issue in the case is the correct location of the dividing line between the property of the plaintiff and the property of the defendants and, if the plaintiff should prevail, the additional question of damages." The Supreme Court in transferring the case to this court (*Lively* v. *Thompson*, 209 *Ga.* 425, 73 S. E. 2d, 90), held that the title to the land was not primarily involved. Such a ruling in effect construed the stipulation to mean that the only issue, other than damages, was the establishment of the defendants' east property line from the deeds and evidence corroborative thereof, because to establish the line by the principle of adverse possession would of necessity involve the establishment of the title to the disputed land. It might be well argued that the issue of establishing the land line by deed is exclusive of the issue of adverse possession and that, as both issues were before the jury and because the jury found for the defendants under the deeds, their finding necessarily excluded the possibility of their considering the issue of adverse possession and that, therefore, the error, if any, was harmless. However strong this argument may be and however true it might be in certain cases, we feel that such argument does not obtain in this case. The proper issue before the jury was the

location of the defendants' east property line as determined from the deeds and evidence corroborative thereof. The location of the line was to be determined in relation to the commencing point, a hickory tree, named in the defendants' deed; therefore the decisive question properly before the jury was whether the hickory tree was located as contended by the plaintiff or by the defendants. Errors are presumed to be harmful to the losing party unless the contrary plainly appears. *Battle* v. *Royster Guano Co.*, 155 *Ga.* 322 (3) (118 S. E. 343); *Poultryland, Inc.* v. *Anderson*, 200 *Ga.* 549, 562 (37 S. E. 2d, 785); *Stanley* v. *Warner Bros. Pictures*, 64 *Ga. App.* 228, 232 (12 S. E. 2d, 441). We do not think it so plainly appears in this case that the errors complained of in grounds five and six of the amended motion were harmless to the plaintiff. While the jury may not have established the land line primarily on the theory of adverse possession, it is possible that they considered the evidence of adverse possession under the charge in establishing the location of the hickory tree from which the land line by deed description was established, in the following manner. There was evidence that until some time before the present litigation there was a fence and hedgerow along the line claimed by the defendants, and that the defendants had used the property up to the fence and hedgerow for many years. This line was shown on the plat introduced by the plaintiff with such notations along the line as "iron pipe found," "I. P. F.," "line of stakes found" and "stake found." The jury could have reasoned that because of such facts the hickory tree must have been located as contended by the defendants, that is, 100 feet west of such line. It might be argued that this proposition presents only a possibility; but, so long as there was a possibility that the jury could have used the evidence of adverse possession under the charge in establishing either the land line or the location of the hickory tree, however remote it might be, the charge and submission of the issue of adverse possession might have been harmful to the plaintiff.

6. Whether the testimony, "Under my evidence the hickory tree with reference to the church property would be about eighteen or twenty feet east of that hedge, out there in the street," is enough to sufficiently describe the location of the tree to furnish a definite commencing point from which the line could be

36

established under the defendants' deed (*Brantley* v. *Davis*, 143 *Ga.* 73 (1), 84 S. E. 434; *Whittle* v. *Reeves*, 166 *Ga.* 248 (1), 142 S. E. 869), we do not now decide.

The court erred in overruling the amended motion for a new trial.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*