## 27520. PASCHAL v. THE STATE.

HAWES, Justice. John E. Paschal, having been convicted of the offense of armed robbery and a life sentence having been imposed, appeals from the judgment of conviction and from the overruling of his motion for a new trial.

1. Appellant complains in two grounds of his motion for a new trial that hearsay evidence was illegally

admitted against the defendant on the trial of the case. Four separate alleged instances of admission of such evidence are pointed out in the two grounds of the motion. In the first instance, the victim of the robbery was testifying as to her observations of the action of the perpetrators of the robbery prior to its commission, and she stated at one point what her thoughts were as to those actions. This evidence did not relate to a material or relevant fact and no objection was interposed to it at the time. The admission of this evidence is not cause for a new trial. In the second instance, the same witness on cross examination testified as to a conversation which she had with another witness who was the first person to come upon the scene of the robbery and immediately following the flight of the perpetrators of the robbery. She quoted the other witness as stating, "I'll go down the road," meaning, as the context shows, that he would follow the automobile in which the perpetrators were fleeing in the hopes that he could get some further evidence for their identification. This was admissible to explain the later conduct of this witness and did not relate to any material fact in proof of the crime or of the identity of its perpetrators. The third instance pointed out in these grounds relates to a statement made by the other witness above referred to who was then on the stand and testified that after he gave chase to the perpetrators and was unable to overtake them he returned to the prosecuting witness' grocery store to inform her as to the direction the perpetrators had taken in their flight. No objection was interposed to this evidence, and it, likewise, was not testimony as to any relevant fact in proof of the crime or of the identity of its perpetrators. In the fourth instance pointed out in these grounds, the same witness last referred to above was testifying on cross examination, and, in response to questions propounded to him by counsel for the defendant, testified that the

prosecuting witness had informed him that she had been held up: "they have held me up or I've been held up." This was testimony elicited on cross examination by counsel for the defendant, and no objection was interposed to it at the time. The admission of this testimony in each instance did not constitute harmful or reversible error for any reason urged.

2. A special agent of the Georgia Bureau of Investigation who participated in the arrest of the accused testifed on direct examination as to the advice which was given the accused and his co-indictees upon their arrest. He testified, "I gave all three of them the Miranda warning. Q. What does that consist of, sir? A. I read it from the card. The Court: Just tell us what it is. That has no legal significance. What did you tell them?" The witness then quoted the warning which he gave the accused and his co-indictee. No motion for a mistrial or other objection was interposed. In one ground of the motion for a new trial, appellant contends that it was error for the court to imply that the Miranda warning had no legal significance. In so contending, it is obvious that appellant misinterprets the statement of the court, since it is clear that the court was referring not to the Miranda warning itself but to the statement of the witness that he "read it from the card." This ground of the motion shows no cause for a new trial.

3. The fifth ground of the amended motion for a new trial complains because the indictment "showing that Collins [a co-indictee] had plead guilty was allowed to be shown to the jury and taken out with them during their deliberation." The indictment upon which the appellant was tried is a part of the record before this court and it shows a plea of "not guilty" entered thereon by Earl Collins on the 6th day of October, 1971. There is no merit in this ground.

4. In the ninth ground of the amended motion for a new trial, appellant contends that the court erred in

receiving the verdict of guilty and in submitting to the jury the issue as to the sentence to be imposed upon appellant in the absence of his attorney. In a supplemental record containing the transcript of a hearing on the motion for a new trial before the trial judge and certified to this court as a part of the record in this case, it appears that the trial judge certifies that this did not occur. An appeal to this court must be decided on the record sent up, and where the record does not support the appellant as to his contentions with respect to what transpired on the trial of the case, this court is bound by the record. *Willis v. Bozeman,* 224 Ga. 729, 731 (164 SE2d 841); *Fahrig v. Garrett,* 224 Ga. 817 (2) (165 SE2d 126). This ground of the motion is, therefore, without merit.

5. The remaining grounds of the motion for a new trial and the remaining grounds of enumerated error are neither argued nor insisted upon by counsel for the appellant before this court and are considered to have been abandoned.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 1, 1972 — DECIDED JANUARY 5, 1973 — REHEARING DENIED JANUARY 22, 1973.

*John D. Watkins,* for appellant.