## 48080. DURHAM v. THE STATE.

STOLZ, Judge. The defendant appeals from his conviction and sentence for voluntary manslaughter. *Held:*

1. The evidence, although circumstantial, authorized the verdict, since it showed that the defendant and the decedent were alone engaging in a fight immediately before the decedent fell down, fatally stabbed in the heart with a knife.

2. The trial judge did not abuse his discretion in permitting the sheriff, who was also a state's witness, to remain in the courtroom after the defendant moved to sequester him, based

upon the statement by the district attorney that the sheriff is the chief investigating officer and that he needed his assistance in the presentation of the case. *Askew v. State,* 3 Ga. App. 79 (3) (59 SE 311); *Hoxie v. State,* 114 Ga. 19 (8) (39 SE 944); *Smith v. State,* 215 Ga. 51 (5) (108 SE2d 688); *Cornett v. State,* 218 Ga. 405 (2) (128 SE2d 317).

3. Error is enumerated on the trial judge's refusal to disqualify jurors as to relationship to the sheriff, who sat at the counsel table with the district attorney. It has been held that the fact that a juror is closely related to one acting as a partisan for the state in a criminal prosecution, even where such one actively assists in the prosecution by assisting in striking the jury, prompting questions, and suggesting witnesses, affords no ground of challenging such juror for cause. *Harris v. State,* 191 Ga. 243, 248 (12 SE2d 64) and cits.

Even if this be deemed inapplicable to the present case, however, and the defendant was denied "the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge," under Code § 59-705, as amended by Ga. L. 1951, pp. 214, 215, "[n]o contention is here made that 48 qualified jurors were not put upon the defendant prior to the time he was required to exercise his peremptory strikes." *Britten v. State,* 221 Ga. 97, 100 (143 SE2d 176). See also *Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299), which case says, on p. 786, that "[t]he burden is on him who asserts error to show it affirmatively by the record." Reversible error consists of error plus injury or harm. *Ward v. Nance,* 102 Ga. App. 201 (8) (115 SE2d 781) and cits.; Code Ann. § 81A-161 (Ga. L. 1966, pp. 609, 664). "A new trial will not be granted because of a refusal by the court to inquire whether or not any of the panel of jurors were disqualified by relationship, when it is not shown that in point of fact a juror thus disqualified was placed upon the panel." *Carter v. State,* 106 Ga. 372 (6) (32 SE 345, 71 ASR 262); *Dees v. State,* 41 Ga. App. 321 (1) (152 SE 913).

4. It was not error to admit, as a part of the res gestae, an exclamation, made almost immediately after the homicide, that the defendant had stabbed the decedent, where it was attributed to a witness shown to have been present, either at the time or very shortly after the homicide, and where there was evidence from which it could be found that the exclamation of the bystander eyewitness was made in the hearing of the defendant. *Amos v. State,* 14 Ga. App. 589 (1) (81 SE 903); *Jones v. State,*

120 Ga. App. 295 (2) (170 SE2d 305) and cits. This question was for the determination of the judge within his sound discretion, *A. K. Adams & Co. v. Homeyer,* 87 Ga. App. 301, 303 (73 SE2d 581) and cit., and he did not err in finding that the statement was a simultaneous exclamation prompted solely by the excitement of the moment, rather than in the nature of a narrative of what had occurred. *Sullivan v. State,* 101 Ga. 800, 802 (29 SE 16) and cits. Even if the evidence was of doubtful admissibility, moreover, it was properly sent to the jury for their determination as to its weight. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784) and cits.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*
ARGUED APRIL 10, 1973 — DECIDED APRIL 25, 1973.

*Smith & Harrington, Will Ed Smith,* for appellant.
*Albert D. Mullis, District Attorney,* for appellee.