27955. DAVIS v. THE STATE.

INGRAM, Justice. The appellant was convicted of the offenses of rape, aggravated sodomy and child molestation in the Superior Court of Fulton County. He was sentenced to life imprisonment and twenty years. From these convictions and sentences, he has filed a direct appeal to this court. *Held:*

1. The appellant contends, in his first enumeration of error, that the trial court erred in denying his counsel

a 15-minute recess, at the close of the state's case, for the purpose of interviewing witnesses. The trial transcript shows that the court granted a recess at defense counsel's request. The record fails to show, when court reconvened, any objection was made by counsel to the brevity of the recess or his inability to complete his conference with the witnesses. It is doubtful under our contemporaneous objection rule that a question is here presented for review. See *Joyner v. State,* 208 Ga. 435 (3) (67 SE2d 221) (1951). In any event, a recess or continuance is subject to the sound discretion of the trial court. *Massey v. State,* 226 Ga. 703 (177 SE2d 79)(1970). There is nothing in this record to show the trial court abused its discretion and no error appears.

2. The trial court did not err in refusing to declare a mistrial because of the testimony of the arresting officer, and subsequent argument of the district attorney to the jury, regarding the appellant's conduct at the time of his arrest. The officer's testimony was to the effect that the appellant was coming at him with a knife in his hand when the officer struck appellant on the head. An objection was made to the district attorney's question as leading, and a mistrial was also requested by defense counsel. The trial court sustained the objection but overruled the mistrial motion. The district attorney then asked several more questions about the defendant's conduct at the time of arrest which were answered without objection. A second motion for mistrial was made by defense counsel during the closing argument of the district attorney when he referred to the defendant's conduct as an assault upon the arresting officer. The trial court also overruled this motion. Defense counsel's objection in each instance was that this evidence and the argument of the district attorney tended to show the commission of a separate cirme and put the defendant's character

in issue. Appellant relies on *Hodges v. State,* 85 Ga. App. 617 (70 SE2d 48) (1952) and insists that this was prejudicial to defendant requiring the grant of a new trial. One of the exceptions to this rule, recognized in the *Hodges* case, supra, is where evidence of the commission of an independent crime is part of the res gestae. *Katzensky v. State,* 228 Ga. 6 (1) (183 SE2d 749) (1971). The evidence discloses the defendant was engaged in the act of rape at the very time of the police officer's arrival. The testimony of the officer and the argument of the district attorney, objected to by defense counsel, related to the events which occurred immediately after the officer discovered defendant in the act of rape. Enumerations of error 2 and 3 are not meritorious.

3. Enumeration of error No. 4 contends the trial court erred in permitting the district attorney upon cross examination of appellant, over objection, to inquire into the type of drugs for which appellant was receiving treatment. The record reveals that appellant had previously testified without objection on direct examination that he was living at the Renewal House and, on cross examination, that the purpose was to receive treatment for drugs. No error is shown here. The scope of cross examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown there has been an abuse of that discretion. No such abuse is disclosed by this record. *Moore v. State,* 221 Ga. 636 (2) (146 SE2d 895) (1966); *Gravitt v. State,* 220 Ga. 781 (6) (141 SE2d 893) (1965).

4. Appellant contends in enumerations of error 5, 6 and 7 that the trial court erred in permitting testimony and argument regarding appellant's unlawful entry into the home of a witness called by the state. This witness was used as a rebuttal witness to defendant's testimony that he was at the home of his mother until 1:45 a.m.

on the morning of the crimes. The rebuttal witness offered by the state testified the defendant broke into her home through a front window and was there at 1:30 a.m. on the same morning. She and her son lived in a neighboring apartment to the victims involved in this case. Appellant argues that this rebuttal evidence would be proper if the witness had testified only that the defendant was at her home at 1:30 a.m. and had not related the unlawful breaking and entering of her home by appellant. Other evidence reveals that appellant gained entry to the victim's home this same night by slitting the screen of the front window there. Evidence material to the case is not inadmissible because it incidentally puts the appellant's character into issue. *Whippler v. State,* 218 Ga. 198 (3) (126 SE2d 744) (1962). Since the evidence was admissible in rebuttal to defendant's testimony, it was proper for the district attorney to comment on the evidence in his closing argument. *Owens v. State,* 120 Ga. 209 (3) (47 SE 545) (1904).

5. The appellant also contends, in enumerations of error 8 and 9, that the trial court erred in admitting into evidence two articles of clothing (gloves and shirt) and a knife. Gloves were found on the appellant at the scene of the crime and he was wearing the shirt. Testimony by a police officer at the trial identified the shirt and gloves as those of the appellant. This was sufficient to admit the evidence and its relevance was addressed to the jury's determination. *Lovejoy v. Tidwell,* 212 Ga. 750 (95 SE2d 784) (1956). The state's witnesses were not clear as to who had possession of the knife after it was taken from the defendant. However, the testimony by the victim and arresting officer was sufficient to admit state's exhibit 2 (knife) into evidence. It was undisputed that the defendant used a knife and whether the one admitted into evidence was the one actually used or was only similar to the knife

used by the defendant makes no material difference. See *Katzensky v. State,* 228 Ga. 6, 9, supra. No error appears from the enumerations.

6. Finally, the appellant contends that the conviction of appellant for child molestation is without sufficient evidence to authorize the conviction and, therefore, contrary to law. The transcript of the evidence shows that the 10-year-old victim of this crime testified that appellant, armed with a knife, crawled into her bed, and then she described specifically how the appellant molested her. The younger sister of this victim cried out and their mother came into the room, whereupon the appellant seized the mother, forced her at knife-point into another room where he compelled her to engage in an act of sodomy with him and then raped her. Meanwhile, the molested daughter called the police and they arrived in time to catch the appellant in the act of rape and arrested him. The conviction of the appellant of all three crimes is solidly supported by the evidence, and the sentences imposed upon him were authorized under the laws of this state.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 18, 1973 — DECIDED SEPTEMBER 6, 1973.

*Fred A Gilbert,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Morris H. Rosenberg, Andrew A. Weathers, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David J. Bailey, Deputy Assistant Attorney General,* for appellee.