## 29861. ENGLISH v. THE STATE.

UNDERCOFLER, Presiding Justice.

Tony Curtis English was convicted of the murder of Willie Lewis Floyd and was sentenced to life imprisonment. The evidence shows that on the night of September 14, 1974, Glenda Travis, her three-year-old son, and Elaine Adams were standing by a bus stop in Atlanta waiting for the father of Travis' son. While they were standing there Willie Lewis Floyd, the victim, drove by and asked them if they would like a ride. About this same time a blue and white Cadillac drove up to the corner. The appellant also arrived at the scene. Floyd opened the trunk of his car and offered some beer to the appellant, Travis, and Adams. Floyd told them that he had plenty of money in his pocket and there were numerous bills in the trunk of his car. Jackie King was walking nearby and the appellant asked her if she wanted a beer. The appellant told King, Adams, and Travis that Floyd had a lot of money and that he intended to rob him and "rip him off" in order to get enough money to travel to Florida to visit his mother. He pulled a gun from his pocket and showed it to the women. Adams and Travis left the scene and walked to a friend's house. King left in the Cadillac. English and the victim were left together. When Adams and Travis returned later they found Floyd lying on the ground groaning and his pants pockets were turned inside out. The appellant then emerged from some bushes a few feet away from where Floyd was lying and told the women, "I didn't mean to kill the man . . . I shot him but I wasn't trying to kill him . . . Please don't tell my aunt." Travis, Adams and the appellant walked to the home of

appellant's aunt where Travis told her, "Willie Mae, your grandson just killed a man down the street." The appellant told Travis, "I should have killed your —— and put you down where that man was." The appellant then told his aunt that he did not shoot Floyd.

Before Travis and Adams encountered the appellant following the discovery of a man lying wounded on the street, the appellant had approached King not too far from her apartment and told her that he had shot the man down by the car because he had pulled a knife on him. The victim received four gunshot wounds, three of them in the head and one to the right cheek. The two front pockets of the victim's pants were turned inside out and his wallet was lying on the trunk of his automobile. Inside the trunk of the automobile was an overturned beer can. The emergency flashers on the victim's car were operating and blood stains were found on the front seat of the car. There was no knife or other offensive weapon found in the car. The police interviewed Travis, Adams and King and on the basis of their statements arrested the appellant. Shortly after he was arrested he was taken to the police station for further questioning. Nitric acid swabbings were taken of his hands and they revealed the presence of barium antimony and lead, which are commonly discharged from a firearm at the time of firing. The police officer testified that the presence of this substance on the swabbings indicated that the appellant could have either handled a weapon that had recently been fired or could have fired the weapon himself.

The appellant presented no evidence in his own defense and rested his case. *Held:*

1. The evidence was sufficient to support the verdict and the general grounds are without merit. The motion for a directed verdict of not guilty was also properly overruled.

2. In enumerations of error numbers 1 and 5 the appellant complains because the trial court overruled his objections to certain leading questions. There is no merit to this contention.

"A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there

is no reversible error. *Hill v. State,* 41 Ga. 484 (5); *Parker v. Georgia Pacific R. Co.,* 83 Ga. 539 (1) (10 SE 233); *City of Rome v. Stewart,* 116 Ga. 738 (2) (42 SE 1011); *Caison v. State,* 171 Ga. 1 (9) (154 SE 337)." *Brown v. State,* 203 Ga. 218, 221 (46 SE2d 160); *Shouse v. State,* 231 Ga. 716 (11) (203 SE2d 537); Code § 38-1706.

3. In enumerations of error numbers 2, 10 and 14 the appellant complains because the court overruled his motion to suppress evidence of the nitric acid swabbings of his hands which were made shortly after he was taken into custody.

(a) The appellant contends that he was sixteen years of age at the time of his arrest and that he should have been treated as a juvenile and should not have been taken to police headquarters where the nitric acid tests were made. He also contends that the tests should not have been made because his parents and attorney were not present. He argues that for these reasons he was not under legal arrest at the time the tests were made and that the results of the nitric acid test cannot be used in his trial. There is no merit in this contention.

The evidence shows that the police officers interviewed Travis, Adams and King and on the basis of their investigation they took the appellant into custody. It was necessary that the nitric acid test be made as soon as possible to prevent a failure of justice from a certain disappearance of the evidence. Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908); *Creamer v. State,* 229 Ga. 511 (192 SE2d 350); *Strong v. State,* 231 Ga. 514 (202 SE2d 428). This case differs from *Daniels v. State,* 226 Ga. 269 (174 SE2d 422) because in that case an incriminating statement was taken from the juvenile.

(b) The appellant further contends that he was forced to incriminate himself because he was directed to turn his hands for the swabbings by the police officer. There is no merit in this contention. The removal of traces of substances from his hands is non-testimonial evidence. *Creamer v. State,* supra; *Strong v. State,* supra.

4. The appellant contends that the trial court erred in sustaining the state's motion to prevent certain cross examination of its witnesses. There is no merit in this contention. "The scope of cross examination lies largely

within the discretion of the trial court. It will not be disturbed by this court unless it is shown that there has been an abuse of that discretion. No such abuse is disclosed by this record. *Moore v. State,* 221 Ga. 636 (2) (146 SE2d 895); *Gravitt v. State,* 220 Ga. 781 (6) (141 SE2d 893)." *Davis v. State,* 230 Ga. 902 (3) (199 SE2d 779).

The trial court properly overruled objections to the admission of certain statements given to the investigating officers.

Code § 38-302 provides that, "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." *Tanner v. State,* 228 Ga. 829 (3) (188 SE2d 512).

5. Enumeration of error number 8 is deemed abandoned under Rule 18 (c) (2) since it is not supported in the brief by argument or citation of authority. *Paschal v. State,* 230 Ga. 62 (5) (195 SE2d 449).

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

Submitted May 13, 1975 — Decided June 17, 1975.

*Jack Dorsey,* for appellant.
*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General, Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney,* for appellee.