51360. WHITLEY et al. v. THE STATE.

STOLZ, Judge.

The defendants, Betty Whitley and Frank Miley, appeal from their conviction for robbery and the sentences entered thereon.

1. Appellants enumerate as error the trial court judge's refusal to allow counsel for defendants to question the state's witness about his lack of regard for the truth

and consequent tendency to lie. While every defendant has the right to a thorough and sifting cross examination of adverse witnesses, Code Ann. § 38-1705, this right is not unlimited. "It shall be the right of a witness to be examined only as to relevant matter; and to be protected from improper questions and from harsh or insulting demeanor." Code Ann. § 38-1704. Consequently, the trial judge has discretion to control the scope and manner of cross examination and this discretion will not be curtailed absent some clear abuse. *Wanzer v. State,* 232 Ga. 523 (207 SE2d 466); *Davis v. State,* 230 Ga. 902 (199 SE2d 779); *Geiger v. State,* 129 Ga. App. 488 (199 SE2d 861). No such abuse appears in the record before us. Enumerations of error 1 and 2 are without merit.

2. Appellants cite as further error the admission in evidence of the following alleged hearsay: ". . .Detective Brannon who had the field glasses said they are getting his wallet." The record shows that this statement was made by a member of the decoy squad, who testified that he and Detective Brannon were watching the incident in question. Brannon was using binoculars and, while looking through them, he exclaimed that the defendants had the victim's wallet. "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae." Code Ann. § 38-305. This statement, which was made by a witness to the incident, and was not self-serving, but prompted by the nature of the events which were then occurring, was admissible, in the judge's discretion, as part of the res gestae. See *Haralson v. State,* 234 Ga. 406 (216 SE2d 304); *Durham v. State,* 129 Ga. App. 5 (198 SE2d 387). The third enumeration of error is also without merit.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, Clark and Marshall, JJ., concur. Pannell, P. J., Evans and Webb, JJ., dissent.*

SUBMITTED SEPTEMBER 30, 1975 — DECIDED NOVEMBER 25, 1975 — REHEARING DENIED DECEMBER 12, 1975.

*Jack Dorsey,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph Drolet, Assistant District Attorney,* for appellee.

EVANS, Judge, dissenting.

Defendant was tried for taking a wallet by force from another. Two detectives were too far away from them to hear what was said at the scene of the alleged robbery, or to see, without the aid of field glasses, exactly what was going on. One of the detectives (who was watching through binoculars) told the other "they are getting his wallet." Objection was promptly made to this testimony as being hearsay, but the court admitted it as being part of the res gestae.

The objection was proper and should have been sustained. The two detectives were not in the presence of the accused; the accused could not hear the alleged statement by one detective to another, whereby he would have been afforded the opportunity to deny it. The conduct of neither of the two detectives was required to be explained because they were only watching.

This does not come within the purview of Code § 38-305. In a full bench, unreversed decision by the Supreme Court of Georgia in *Marsh v. South Carolina R. Co.,* 56 Ga. 275 (3) it is held: "What a mere spectator reported immediately after a homicide, as to the cause thereof, is not evidence as part of the res gestae." And at page 277: "He was a mere spectator. *His conduct was not to be illustrated, but the conduct of other persons.* What he said immediately afterwards could give character to nothing that happened — could neither qualify or explain it." (Emphasis supplied.) Again, in *Carr v. State,* 76 Ga. 592, 593 (3) (full bench and unreversed), it is held that "What a disinterested by-stander, who witnesses the conflict going on between the defendant and the party assailed, may say during the heat of the engagement, is not admissible in evidence, especially when the declaration amounts to nothing more than the declarant's opinion as to the defendant's motives . . ."

In *Henderson v. State,* 210 Ga. 680 (82 SE2d 638), and at page 683, the Supreme Court illustrates what amounts to res gestae in this language: "The statement of this witness was not admissible in evidence to illustrate

conduct. *She was a mere spectator and her conduct was not material to the issue involved.*" (Emphasis supplied.)

The majority opinion cites *Durham v. State,* 129 Ga. App. 5, 6 (3) (198 SE2d 387), but there the statement was made in the *presence of the defendant.* Of course, Code § 38-409 comes into play in such cases, and the defendant's silence or failure to deny may amount to acquiescence in the truth of the statement. The majority opinion also cites *Haralson v. State,* 234 Ga. 406, 407 (216 SE2d 304), but there the party directly involved — the one who was robbed — made the statement, and the question was propounded by one who arrived *at the scene* as the robbers were leaving.

These cases cited in the majority opinion therefore, do not support the proposition that one who is *not present* at the scene, and who is *too far away to hear what is said,* and who looks through binoculars, and then makes a report of what he sees, may offer same as res gestae. As the Supreme Court has explained, *it is not the conduct of the witness with the binoculars that is under investigation,* but it is the statements of those who are present and observing or participating in the main event; otherwise res gestae does not come into play.

We pause here to call attention to a statement in the brief of the state as follows: "Further, this evidence was only *cumulative* the victim and other witnesses already having testified in detail about how the appellants took the victim's wallet. Thus even if this evidence was pure hearsay, its admission was harmless. *Paschal v. State,* 230 Ga. 62 (1)."

This is not a correct or proper statement of the law. Cumulative evidence is most often referred to when extraordinary motions for new trial are filed because of newly discovered evidence. If it is but "cumulative evidence" it will be given no consideration. *Wright v. W. B. Greenwood & Co.,* 17 Ga. 418; *Broadhurst v. Hill,* 140 Ga. 211 (78 SE 838); *Brinson v. Faircloth,* 82 Ga. 185 (7 SE 923).

In the case at bar, the victim testified as to the taking of the wallet by defendant. But the jury did not have to believe the victim. In such cases, the jury has the right to consider the demeanor of the witnesses on the stand, etc.,

and decide which witness is more worthy of belief. Code § § 38-107, 38-1805. If it was error to admit hearsay evidence, the effect of which was to "prop up" the testimony of the victim, and cause the jury to disbelieve the defendant, then it is presumed that such error was harmful to the defendant. *Stanley v. Warner Bros. Pictures,* 64 Ga. App. 228, 232 (12 SE 441); *Lively v. Thompson,* 88 Ga. App. 31, 35 (75 SE2d 846).

In my opinion, the admission of the hearsay evidence complained of was error and requires the grant of a new trial. I would vote to reverse this case.

I am authorized to state that Presiding Judge Pannell and Judge Webb concur in this dissent.